PHEBE DANIELS ,

*v.*

THE BELVIDERE CEMETERY ASSOCIATION *et al.*

*Opinion filed December 18, 1901.*

MORTGAGES—*when cross-bill, in foreclosure, praying for cancellation of first mortgage is properly dismissed.* If a bill is filed to foreclose a mortgage subject to a prior mortgage, then held, by assignment, by a corporation, the holder of another mortgage, constituting a concurrent lien with the one sought to be foreclosed, is not entitled to relief under a cross-bill alleging that such first mortgage was originally a valid first lien which had not been paid or discharged, but that the assignment to the corporation, which was made after the other mortgages were executed, was void on the ground of want of capacity on the part of the corporation, and praying that such mortgage be held void and that the other mortgages be first paid out of the proceeds of the sale.

*Daniels* v. *Belvidere Cemetery Ass.* 96 Ill. App. 387, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Boone county; the Hon. C. E. FULLER, Judge, presiding.

ROBERT W. WRIGHT, for plaintiff in error.

CARNES & DUNTON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 22, 1891, Thomas Walker, being indebted to Horace Dyer in the sum of $2000, executed his note for that sum and secured the same by a mortgage to said Horace Dyer on his farm in Boone county. On March 27, 1893, the administrator of Horace Dyer, then deceased, assigned the said note and mortgage to Emma V. Riley. Thomas Walker conveyed the land, subject to the mortgage, to Edgar Walker and Frank Walker, who on January 20, 1894, executed to Sarah Powell, Cornelia Carter and Phebe Daniels, severally, mortgages of the same land, each mortgage being for about $800. On August 5,

1897, Emma V. Riley assigned her said note and mort-- gage to the Belvidere Cemetery Association, a corporation created by a special act of the legislature in force February 18, 1847, and the corporation paid her $2000 therefor out of moneys received by it from the sale of burial lots. A bill was filed in the circuit court of Boone county by B. T. Stevensin, assignee of the mortgage made to Sarah Powell, to foreclose said mortgage, which the bill averred was subject to the first mortgage for $2000, then held by the Belvidere Cemetery Association, and the corporation was made a party defendant. A cross-bill was filed by said Cornelia Carter, asking that her mortgage be held to be a concurrent lien with the mortgage to Sarah Powell. To this cross-bill Phebe Daniels was made a defendant. She answered the cross-bill, and by leave of court exhibited her cross-bill alleging the foregoing facts, and further averred that it appeared by the record there was due on the first mortgage made to Horace Dyer $2000, with accrued interest; that the Belvidere Cemetery Association was not authorized to have personal property exceeding $500; that it had more than $500 worth of personal property when it purchased said note and mortgage, and continued to have the same beside said note and mortgage, and that the purchase of the same was *ultra vires* the corporation, and therefore the mortgage ought to be set aside and declared void and the other mortgages be first paid out of the proceeds of the sale. She prayed for relief accordingly. The Belvidere Cemetery Association demurred to the cross-bill, and the demurrer was sustained and the cross-bill dismissed. The relief prayed for in the original bill was granted and the premises ordered to be sold, subject to the lien of said first mortgage. The Appellate Court affirmed the decree. Plaintiff in error sued out the writ in this case against the defendants in error, and her counsel says that she desires to raise no question except as to the validity of the mortgage made to Horace Dyer and

held by the defendant in error the Belvidere Cemetery Association.

The original bill alleged that the mortgage sought to be foreclosed under that bill was subject to the mortgage made to Horace Dyer and held by the cemetery association. The corporation was not seeking to foreclose its mortgage or asking for any relief. Plaintiff in error, by her cross-bill, alleged facts showing the mortgage made to Horace Dyer, which she asked to have declared void, to be a legal, valid and binding mortgage and an encumbrance on the property prior to hers. She took her mortgage when that prior mortgage was owned by Emma V. Riley, and the only averment on which she grounded her prayer for relief was, that the subsequent assignment by said Emma V. Riley to the cemetery association was void for want of power in the corporation to purchase the note and mortgage and receive the assignment. In her cross-bill she set out the charter of the corporation, showing its object to be to lay out, enclose and ornament plats or pieces of ground to be used as a burial place for the dead and to provide for the burial of the dead therein. The act of incorporation provided that the proceeds arising from the sale of lots, after deducting expenses, should be used in improving and ornamenting the burial ground, or other purposes in keeping with the objects of the corporation; and section 2 of the act is as follows: "Said corporation shall have power to own and possess real estate not exceeding ten acres and personal property not exceeding $500, which shall be exempt from taxation, execution or appropriation for public uses." Subsequent acts of the legislature were passed applicable to all associations incorporated for cemetery purposes, and one of these, in force May 27, 1891, provided that any such corporation might hold, own and convey, for burial purposes only, so much land as might be necessary for use as a cemetery or burial place for the dead. (Laws of 1891, p. 86.) Section 4 of another act, passed

in 1885, as amended in 1889, authorized the directors of any cemetery society or association to set apart such portion of the moneys received from the sale of lots in their cemetery as they might see fit, to be kept separate from other assets of the association as a special trust fund, to be invested in safe interest or income-paying securities, for the purpose of keeping said cemetery, and the lots therein, permanently in good order and repair. (Laws of 1889, p. 63.) The cross-bill averred that the Belvidere Cemetery Association had never set apart any money, to be kept separate from other assets, as a trust fund, and had not complied with the regulations of said last mentioned act in submitting its securities to the county judge or making report of the funds to such judge, and therefore the corporation had not accepted said act as an amendment to its charter and was not entitled to its benefits.

We do not deem it necessary to go into any discussion of the question whether the facts so averred in the cross-bill show an acceptance of the provisions of the act permitting an investment in interest-bearing securities as a trust fund or not, since we are of the opinion that, in any event, the plaintiff in error could not have the relief asked for. She averred that the mortgage, which she asked to have declared void, was a valid encumbrance in the hands of Horace Dyer and his administrator and Emma V. Riley. According to the averments of the cross-bill it was never paid or discharged in any way, and there was due and unpaid upon it the sum of $2000, with accrued interest. On the sole ground that the assignment was void for want of capacity of the corporation to receive it, plaintiff in error asked to have the lien destroyed for her benefit. If the transaction between Emma V. Riley and the corporation is to be undone because of the want of power of either party to enter into it, a court of equity would surely not declare the mortgage paid, and cancel it. The debt was never paid to

anybody, and the application of plaintiff in error to a court of equity to declare it void was on the sole ground that the assignment was a nullity and no title passed by it to the corporation. None of the other parties were asking any relief, and the plaintiff in error had acquired no equity or right to appropriate the property of others for her benefit by having the lien destroyed and removed out of the way of her mortgage. If the assignment of Emma V. Riley was a nullity and transferred nothing, the debt would not be paid and the title which she attempted to transfer would remain in her.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*