STATE INSURANCE COMPANY OF DES MOINES, IOWA, V. FARMERS' MUTUAL INSURANCE COMPANY OF NEBRASKA.

FILED JUNE 4, 1902. No. 10,939.

Commissioner's opinion, Department No. 1.

1. **Petition.** Petition examined, and *held* sufficient as against a demurrer *ore tenus*.

2. **Evidence.** Evidence examined, and *held* sufficient to sustain judgment.

3. **Answer.** Answer examined, and *held* not to put in issue the corporate character of plaintiff.

4. **Insurance: CANCELATION OF POLICY: RETURN OF PREMIUM.** Under the provisions of section 46, article 2, chapter 43, Compiled Statutes, 1899, an insurance company transacting business in this state must cancel a policy of insurance upon request of the insured, or his legal representative, and return to such party or his representative the net amount of premium, after deducting agent's compensation and the customary short-rate premium for the expired term.

5. ———: ———: ———: RIGHT ABSOLUTE: ASSIGNMENT. After request for cancelation and repayment of unearned premium by the party insured, the right of such party to the unearned premium becomes absolute, and is subject to assignment and recovery thereon by the assignee.

6. **Conflicting Evidence: FINDING OF COURT.** The decision of the trial court upon questions of fact, regarding which there is a conflict in the evidence, will ordinarily not be disturbed by the appellate court.

7. **Plea of Ultra Vires: STRANGER TO CONTRACT.** The plea of *ultra vires* can not be interposed by a stranger to the contract, who can not show a violation of a duty owing to himself.

8. **Unearned Premium: COMMISSION.** Under the provisions of section 46, article 2, chapter 43, Compiled Statutes, 1899, providing for repayment of unearned premium upon cancelation of an insurance policy by request of the party insured, the commission actually paid to the agent or solicitor should first be deducted, and the per cent. of the unearned premium should then be computed on the remainder.

9. **Stipulation of Facts: WITHDRAWAL.** The right of a party to withdraw or amend a stipulation of facts filed in a case is within the sound discretion of the trial court, and the ruling of the trial court with regard thereto will not be disturbed in the absence of abuse.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J.  *Affirmed.*

*F. A. Boehmer* and *George E. Tobey,* for plaintiff in error.

*Burkett & Greenlee* and *Edwin M. Coffin, contra.*

KIRKPATRICK, C.

This is an action brought in the district court of Lancaster county by the Farmers' Mutual Insurance Company of Nebraska against the State Insurance Company of Des Moines, Iowa, to recover upon fifty-nine separate causes of action, upon which $600 was alleged to be due. The petition filed by the Farmers' Mutual Insurance Company, defendant in error, sets out its incorporation, and alleges that the State Insurance Company, plaintiff in error, had duly issued and delivered its policies of insurance to the various persons named in the petition, insuring property from loss or damage by fire, lightning and wind storm; that the several parties named in the petition had duly surrendered their policies to plaintiff in error, and demanded a cancelation of the same, and repayment of the unearned premiums due upon each policy; that the unearned premiums mentioned had been duly assigned by the persons to whom they were due to defendant in error; that demand had been made thereon (the amount due upon each separate cause of action being set out), and that payment had been refused. To this petition an answer was filed by plaintiff in error, which in each instance admitted the execution and delivery of the policies mentioned, and denied each and every other allegation of the petition, and, in addition thereto, pleaded that each of the policies mentioned contained a provision that if there was a sale or alienation of the property insured, or any part thereof, or if the policy was assigned, or the title to the property changed, etc., or if any other insurance was taken, valid or invalid, upon

the property, without the consent of the company, the
policy immediately became void; that each of the persons
named had taken out new insurance in the plaintiff com-
pany at the time they surrendered their policies for
cancelation, and that the policies issued by defendant,
plaintiff in error, were void, and that there could be no un-
earned premiums recovered; that plaintiff, defendant in
error, was a mutual insurance company, and under the
laws it was obliged to collect a certain per cent. of its
premiums in cash, and that it had no right to accept an
assignment of the unearned premium under a policy is-
sued by another company in lieu of cash; that the acts of
defendant in error were *ultra vires*, and not authorized
by law; that defendant, plaintiff in error, did not consent
to the assignment of these policies, and that the policies
were therefore void; that plaintiff, defendant in error,
had never been legally incorporated, and that the action
was not brought in the name of the real party in interest.
To this answer was filed, for reply, a general denial. A
jury was waived, and trial had to the court upon an
agreed statement of facts, and upon evidence offered by
the parties, resulting in a finding and judgment for de-
fendant in error in the sum of $608.94. To review this
judgment the cause is brought to this court by petition
in error.

It is alleged that there was error in the proceedings of
the trial court in the following particulars: (1) That
the court erred in overruling the objections by plaintiff
in error to the introduction of any evidence on the ground
that the petition failed to state a cause of action; (2)
that the judgment is not sustained by sufficient evidence,
and that the court erred in finding from the evidence
that defendant in error was a corporation; (3) that the
court erred in holding that defendant in error was the
legal representative of the insured under the policies is-
sued by plaintiff in error; (4) that the court erred in
holding that the assignment of the policies and taking
additional insurance without the consent of the insurer

did not make the contracts null and void; (5) that the contracts made by defendant in error by which it received the assignment of the unearned premiums mentioned in the petition were *ultra vires;* (6) that the court erred in computing the amount of the unearned premiums; (7) that the court erred in not permitting plaintiff in error to withdraw or amend the stipulation of facts claimed to have been made under a mistake of fact. These several assignments, so far as necessary to a determination of the case, will be considered in their order.

It is contended first that the petition fails to state a cause of action, because it does not allege that the policies had been issued by plaintiff in error to the various persons named, and that at the time the request was made for cancelation they were in full force and effect, and that there is no allegation of the amount of premiums that had been paid, or of the amount which had been earned under the customary short-rate table, or what the commissions of the agents were. The separate causes of action set out in the petition are substantially identical, except as to the names and amounts, only one of which need be quoted, which is as follows: "That on the 11th day of September, 1894, one H. M. Lee had and held a policy of insurance, to wit, No. 671,187, in the company of the defendant, insuring property then owned by him against loss or damage by fire, lightning or tornado; and that on the said day he returned said policy to the defendant and demanded cancelation of the same, and the refunding of the unearned premium then due according to the terms of said policy, to wit, the sum of $1.40, and his note given in payment of the premium on said policy; that thereafter the said H. M. Lee assigned in writing said unearned premium to this plaintiff, a copy of which assignment is herewith filed and marked 'Exhibit D,' and made a part hereof; that the plaintiff thereupon demanded payment of the defendant, which the defendant refused to make, and that there is now due from the defendant to this plaintiff the sum of $1.40, with interest

thereon from the 11th day of September, 1894, for which plaintiff demands judgment." The answer of plaintiff in error to this cause of action is as follows: "Answering the fourth cause of action, in plaintiff's petition, this defendant admits that it issued its policy of insurance, No. 671,187, to H. M. Lee, and further answering plaintiff's fourth cause of action, this defendant denies each and every allegation contained therein not specifically admitted." No objection was made to the petition by motion or demurrer, but on the trial plaintiff in error objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. If plaintiff in error, by proper motion, had sought to have the petition made more definite and certain, the trial court might have required it to be done. Having failed to present the question by motion or demurrer, we are of opinion that the petition is sufficient to withstand a demurrer *ore tenus,* and the first contention of plaintiff in error must be overruled.

It is next contended that the judgment is not sustained by sufficient evidence, and that the court erred in holding that defendant in error was incorporated. From an examination of the evidence offered, and the agreed statement of facts, we are of opinion that the judgment is sustained by sufficient competent evidence. Plaintiff in error attempted to put in issue the corporate character of defendant in error by answering as follows: "This defendant specifically denies that the plaintiff is a corporation, incorporated under and pursuant to the laws of the state of Nebraska." Plaintiff in error, in addition to that portion of the answer quoted, pleaded that "if plaintiff were in fact a corporation incorporated under the laws of the state of Nebraska as a mutual insurance company, then and in that event this plaintiff would be governed by the laws of the state of Nebraska applicable to corporations known as mutual insurance companies, and that the provisions of section 3462 [sec. 58, ch. 43] of the Compiled Statutes of Nebraska of 1895, being the law in force at

the time when the several causes of action complained of in plaintiff's petition originated, prescribed the duties of such mutual insurance company, and the time and duration of the policies that may be issued to members of said company, and then it provides among other things that the members of such company, at the time of effecting any insurance in such company, shall pay such percentage in cash as may be provided for in the by-laws of the plaintiff, it is provided as follows: 'Article 11. Membership Fees. To become a member of this company it will be necessary to pay 1% on the amount of insurance taken out and an additional fee of $2 to cover certificates from the company, which fees are payable in advance to the agent.'" Plaintiff in error further pleads that, because of the statutes of the state above referred to, defendant in error was not authorized to receive anything but cash in payment of premiums, and that the contract so entered into by which it took an assignment of the unearned premiums mentioned in its petition was *ultra vires,* and that under the laws of the state under which it was incorporated, if it was incorporated, it could not make such contract. The effect of the answer of plaintiff in error, taken as a whole, is to admit the incorporation of defendant in error, and to allege that it had no authority under the law to make the contracts which it says it made in taking the assignments of unearned premiums. *Dinsmore v. Stimbert,* 12 Nebr., 433; *Chapman v. Brewer,* 43 Nebr., 890. It follows, therefore, that the second contention of plaintiff in error can not be sustained.

The third contention is that the court erred in holding that defendant in error was the legal representative of the insured as to policies issued by plaintiff in error. The statute provides, in substance, that any insurance company, at the request of a person insured, or his legal representative, shall cancel the policy which has been issued, and shall return to the person insured, or his legal representative, the net amount of premiums received by the company, after deducting the commission of the agent

and the customary short rates. This provision authorizes the person to whom the insurance was issued, or, in case of his death, his legal representative, to surrender the policy and demand the repayment of the unearned premium. In the case at bar, the person to whom the policy was issued seems in each case to have requested the cancelation of his policy, and a repayment of the unearned premiums. It therefore follows that the clause in the section referred to in brief of plaintiff in error, concerning the legal representative of the insured, can have no application in the case at bar. Upon a request for cancelation of the policy by the insured, it was the duty of the company immediately to cancel the policy, and to repay the insured the unearned premium, in accordance with the plain provisions of the statute. The right of the insured to the repayment of the unearned premium was absolute, and there can be no doubt of his right to assign the amount due him to any other person or corporation; and of the right of his assignee to maintain an action for the recovery of the amount due, we have no doubt. In the case of *Farmers' Mutual Ins. Co. v. Home Fire Ins. Co.,* 54 Nebr., 740, 741, this court, speaking of a like assignment, said: "The farmers' company, by taking an assignment from Penner of the unearned premium of his policy issued by the home company, acquired the same right to collect from the home company such unearned premium as Penner himself had." It follows that the third contention of plaintiff in error can not be sustained.

It is next contended that the court erred in holding that the assignment in question without the consent of the insurer did not make the policy null and void. There seems to have been no assignment or attempted assignment of the policy. The policy appears to have been forwarded to the company, together with a request for its cancelation and a demand for the repayment of the unearned premium. The assignment seems to have been only of the unearned premium. It is manifest that this proceeding would in no way violate, or be affected by, a provision in the policy

that an assignment thereof without consent would render it void.

Again, it is urged that in the case at bar the policy holders took out new insurance before the cancelation of the old insurance, and that this avoided the policies of plaintiff in error, and for that reason there were no unearned premiums. This, in the case at bar, seems to be purely a question of fact, which has been found by the trial court against the contention of plaintiff in error, and which finding seems to be clearly supported by the evidence. The new policies appear not to have been issued until after the request for cancelation, duly signed by the insured, had been forwarded, and, so far as the record in the case shows, had been received by plaintiff in error.

Again, it is contended that the contracts made by the defendant in error, by which it obtained an assignment of the unearned premiums due upon the policies mentioned in its petition, were *ultra vires*. It seems clear that plaintiff in error is not in a position to urge this objection. We understand the rule to be settled that the plea of *ultra vires* can not be interposed by a stranger; that it can only be interposed by the state which authorized the incorporation of the company, or by a party to the contract which the corporation sought to make. The rule seems to be based upon the proposition that he only can invoke the doctrine of *ultra vires* who can show the violation of some duty owing to himself. *Belcher's Sugar Refining Co. v. Grain Elevator Co.,* 13 S. W. Rep. [Mo.], 822; *New Orleans, M. & T. R. Co. v. Ellerman,* 105 U S., 166. In the case at bar it does not appear that defendant in error violated any duty or obligation which it owed to plaintiff in error, and for that reason the plea of *ultra vires* interposed by plaintiff in error can not be sustained.

The next contention is that the court erred in computing the amount of unearned premiums. Section 46, article 2, chapter 43, Compiled Statutes, 1899, is as follows: "Any person, company, association, or corporation, transacting the business of fire, or fire, wind, storm, and tor-

nado insurance, in this state, shall cancel any policy of insurance hereafter issued or renewed, at any time, by request of the party insured, or his legal representative, and shall return to the said party or his representatives, as aforesaid, the net amount of premium received by the company after deducting the actual compensation of the agent or solicitor for securing the issue of said policy, and also deducting the customary short-rate premium for the expired time of the full term for which said policy was issued or renewed, anything in the policy to the contrary notwithstanding." Plaintiff in error contends that the commission paid to the agent, which in the case at bar was 25 per cent., should be first deducted; that then the percentage of the premium for the full term which was customary for the short term should be computed on the entire premium, including the commission paid to the agent; while defendant in error contends, and the trial court held, that the commission actually paid to the agent should be first deducted, and that the per cent. should then be computed on the remainder. The conclusion of the trial court is right, beyond question. The manifest purpose of the statute was that, when the policy of insurance was canceled at the request of the insured, the company, having paid its agent his commission on the policy, should be permitted to retain that in full, and that, after the commission to the agent had been retained, the company should then be permitted to charge the customary short rate which it would have charged provided the policy, in the first instance, had been issued to cover the time from its date to the request for cancelation. For illustration, if the policy is issued for five years, and at the end of three years it is canceled at the request of the insured, the company would ·be permitted to retain, besides the commission paid to the agent, the sum it would have charged provided the policy had originally been written for three years. The statute will not bear any other construction.

The last contention of plaintiff in error is that the court erred in not permitting plaintiff in error to withdraw or

amend its stipulation of facts on the ground of mistake, as claimed by plaintiff in error. The right of a party to withdraw or amend a stipulation of facts which has been made in a case is a matter within the discretion of the trial court, and, unless it is apparent that there has been an abuse of discretion, this court will not interfere with the action of the trial court. An examination of the record in this case discloses that the action of the trial court in this regard was correct, and in no way prejudicial to the rights of plaintiff in error.

The finding and judgment of the trial court seem to be fully sustained by the evidence, and to be in accordance with law. It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.