[L. A. No. 1395.   Department Two.—February 12, 1904.]

JOHN SULLIVAN, Appellant, v. CALIFORNIA REALTY COMPANY, Respondent.

Building Contract—Effect of Failure to Sign Specifications—Action by Owner to Cancel Contract.—The provision of section 1183½ of the Code of Civil Procedure declaring a building contract for more than one thousand dollars void, if it refers to plans and

[1] 70 Am. Dec. 655, and note.        [2] 13 Am. Rep. 220.

specifications, unless they are completed and signed by the parties to the contract at the time of the execution thereof, is intended for the protection of other persons entitled to liens, who are not parties to the contract. The contractor and owner of the building cannot claim that the contract is void as between them for failure to comply with the statute; and the owner cannot maintain an action to avoid the contract, and have it canceled and delivered up, because the plans and specifications were not signed as required by the statute.

ID.—FAILURE TO DO EQUITY—EXPENSE INCURRED BY CONTRACTOR.—If it be conceded that the contract was void between the parties, the owner cannot maintain an action in equity to cancel the contract, where he has not offered to do equity, by reimbursing the contractor who has incurred expense in placing building material on the ground and in commencing work and operations under the contract.

ID.—NON-PAYMENT OF FIRST INSTALLMENT—IMMATERIAL ATTEMPT TO ERASE RECEIPT—EVIDENCE—FINDINGS.—Where the court finds that no part of the first installment under the contract had been paid, an attempted erasure by the contractor of a receipt of payment thereof acknowledged in the contract, which was still left legible, is immaterial, and cannot affect the admissibility of the contract in evidence.

ID.—CROSS-COMPLAINT FOR FIRST INSTALLMENT—JURISDICTION.—Where the plaintiff sues in equity to cancel the contract, equity has jurisdiction of every subject-matter connected with the transaction between the parties, and may award judgment for the defendant under a cross-complaint for the amount of the first installment due to the contractor and unpaid, though the amount thereof is less than three hundred dollars.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion.

G. C. De Garmo, for Appellant.

Charles H. Mattingly, for Respondent.

COOPER, C.—Appeal from judgment on the judgment-roll.

In August, 1901, plaintiff and defendant entered into a written contract, by the terms of which defendant was to construct a dwelling-house for plaintiff upon a lot described in the contract for the sum of one thousand and sixty dollars, payable in installments as provided therein. The defendant

proceeded to place materials upon the ground, and began the work, as contemplated by the terms of the contract, when this action was commenced by the plaintiff for the purpose of having the contract declared void, delivered up, and canceled, and to enjoin the defendant from further proceedings thereunder. The defendant answered, and, in addition to the denials contained in his answer, set up by way of cross-complaint that the plaintiff was indebted to it in the sum of one hundred and eighty dollars, being the first installment due under the contract, for which sum it prayed judgment. The case was tried before the court, and upon the findings, which are not challenged, judgment was entered for defendant for the amount claimed in its cross-complaint. Plaintiff insists that the judgment is erroneous for certain reasons herein discussed in their order. He contends that the contract is void for the reason that the plans and specifications for the building were not signed by the parties and recorded as provided by section 1183½ of the Code of Civil Procedure, which was in force at the time of making the contract. The section so far as material here reads: "Whenever such contract [over one thousand dollars] refers to plans and specifications in accordance with which the work is to be done, it shall be void, unless such plans and specifications be completed and signed by the parties to the contract at the time of the execution thereof."

Plaintiff, being one of the original parties to the contract, and having made and signed it without showing or claiming any damage by reason of the failure to sign the plans and specifications, now claims that, by reason of his own failure to comply with the statute, the contract is void as to him.

We conclude that for the reasons fully given in the late case of *Laidlaw* v. *Marye*, 133 Cal. 176, the plaintiff cannot claim the contract to be void as between the parties to it. The statute was intended for the protection of subcontractors, materialmen, artisans, and laborers, and to preserve to them the right to liens. They are not parties to the contract, and may be justly entitled under the law to the value of their materials and labor, even though the original parties fail to make the contract as directed by the statute. In *Laidlaw* v. *Marye,* the court said: "But the law never meant to reward the contractor for his disobedience, by conferring upon

him, for its violation, greater rights than would have been his had he obeyed it. Therefore, as between him and the owner, the contract must remain not the basis of his recovery but the measure and test of his rights to recover. He must still show a substantial compliance with its terms to warrant any recovery at all, and the measure of his recovery, even under implied *assumpsit,* must be limited as to him by the contract price. . . . This declaration of law, we think, is eminently just and sound. It is, as was before said, a recession from the earlier views of the court, and a declaration of the true principle. It is applicable to every case where the contract fails for lack of recordation; for in all of them it is still the understanding of the parties that such work, and only such work, as is called for by the terms of the contract shall be performed.''

In addition to what has been said concerning the validity of the contract as between the parties, even if it be conceded that the contract is void, the plaintiff cannot be allowed, under the facts of this case, to have a decree canceling it. He alleges, and the court finds, that since making the contract the defendant placed upon the lot certain building material and commenced work and operations under the said contract. There is no offer by plaintiff to pay for this work or material or to place the defendant in his former position. Plaintiff cannot have the aid of a court of equity for the purpose of canceling a contract without offering to do equity on his part.

Plaintiff claims that the court found that defendant altered the contract in a material respect after it was executed, and that for this reason it is void. The finding on this point is: ''That plaintiff and defendant entered into said contract in good faith and for a valuable consideration; that after said contract was signed and entered into by plaintiff and defendant, and after the failure and refusal of plaintiff to pay the first installment of one hundred and eighty dollars according to the terms of said contract, the defendant, without the knowledge and consent of the plaintiff, made an attempted erasure of the following words of said contract by drawing a pen and ink mark through them: 'One hundred and eighty dollars, cash, the receipt of which is hereby acknowledged to Davis & Company'; that there was no agreement between plaintiff and defendant whereby Davis & Co. were to become

parties to said contract, or that said contract was not to become operative until said Davis & Co. should sign the same. That said contract contains all the terms and conditions thereof between the parties thereto; that there was no written, oral or other contract between the parties to this action with respect to the subject-matter embraced in said contract.''

The court elsewhere found: ''That the plaintiff at all times has failed and refused, and still fails and refuses, to pay the first installment of $180 under said contract.'' As neither plaintiff nor Davis & Co. paid the one hundred and eighty dollars, the question of erasure was wholly immaterial. The court found the contract with the words claimed to have been erased as part thereof. That the words were attempted to be erased does not imply that they were erased. The court found that they were not, and disposed of the case on that theory.

In order to affect the question of the admissibility of a writing in evidence it must appear that the alteration was in a part material to the question in dispute. If so, the party offering the instrument may show that the alteration was made by the consent of the parties, or properly or innocently made, before he can introduce it in evidence. (Code Civ. Proc., sec. 1982.) The court here finds that the alteration was made without the knowledge or consent of the plaintiff, but does not find that it was not properly or innocently made. For aught that appears, the plaintiff himself may have introduced, and probably did introduce, the contract in evidence. As the court found it, in the language in which it was originally made, the attempted erasure becomes immaterial. The language used in plaintiff's brief shows the point untenable, for he says: ''The second point raised by appellant is, that after appellant refused to pay respondent $180, which, according to the terms thereof, was payable on the day of the contract, respondent without the knowledge or consent of appellant made an attempted erasure of that part of the contract which would constitute a receipt for said sum of $180, which appellant refused to pay according to the contract.''

If we are to understand from this that appellant, while admitting his refusal to pay the one hundred and eighty dollars, desired the court to consider the erased part of the contract for the purpose of evidence, in order to show that he

had paid it, it is evident that his position finds no support in law or fair dealing between man and man.

Finally it is claimed that, as the amount under the cross-complaint is less than three hundred dollars, the court had no jurisdiction to give defendant a judgment for the amount found due him. This presents the question as to whether or not in an action brought in the superior court where plaintiff fails to prove his allegations, and the defendant established a just claim for less than three hundred dollars under his cross-complaint, the court has jurisdiction to give defendant an affirmative judgment. If plaintiff had not brought defendant into court to answer concerning the contract, the superior court would have had no jurisdiction as to the one hundred and eighty dollars due on the first installment. But the plaintiff sought relief concerning the contract and transaction set forth in his complaint, and sought to be relieved from the payment of the one hundred and eighty dollars and all other amounts that might accrue under the contract. The defendant sought to establish the fact that plaintiff was liable for the one hundred and eighty dollars, and for all sums that might become due under the contract. The result of the judgment was, that plaintiff was held to be bound by the contract, and, necessarily, that that portion of it under which the one hundred and eighty dollars had become due was valid.

The plaintiff having invoked the aid of the court in order to obtain affirmative relief, the court had power in the one case and then and there to give defendant judgment for such sum as had become due under the contract. Its power extended equally to each and every part of the case and to every issue therein. A court of equity is not so impotent that it can find that a contract is valid, and that one hundred and eighty dollars is due to the defendant thereunder, and yet not be able to give defendant a judgment. The Code of Civil Procedure provides (sec. 442): ''Whenever the defendant seeks affirmative relief against any party, relating to·. . . the contract or transaction upon which the action is brought, . . . he may, in addition to his answer, file at the same time . . . a cross-complaint.''

It is clear that the defendant sought affirmative relief, depending upon the contract and transaction upon which the action was brought. Although plaintiff sought to have the

contract canceled, yet his action was based upon it, and was for relief concerning it. In *Freeman* v. *Seitz,* 126 Cal. 292, in speaking of a counterclaim for less than three hundred dollars under a similar section of the code, this court said: "The law abhors a multiplicity of actions, and the evident intent of the legislature in passing the code provision was, that all matters that may be the subject of litigation between the parties within the limitations prescribed shall be settled in the one action."

The object of a counterclaim is to prevent litigation by enabling the parties to arrive at an adjustment of their mutual demands in a single action. (*Waddell* v. *Darling,* 51 N. Y. 327; *Allen* v. *Shackelton,* 15 Ohio St. 145.)

The code provision should receive a liberal construction, to the end that controversies between the same parties and concerning the same subject-matter may be adjusted in one proceeding. (*Glen and Hall Co.* v. *Hall,* 61 N. Y. 226;[1] *Van Brunt* v. *Day,* 81 N. Y. 251.)

It was intended to abrogate the rule previously existing, and to enable litigants to adjust all differences as effectually as they might do by bill and cross-bill in equity. (*Gleason* v. *Moen,* 2 Duer, 642; *Boston Silk Works* v. *Eull,* 37 How. Pr. 299.)

The complaint stated facts giving the superior court jurisdiction. When such jurisdiction attached in an equity proceeding it attached for all purposes connected with the case.

It has accordingly been held that when the superior court has jurisdiction of the original case, and an indemnity bond was given by several sureties, with a several liability of each for less than three hundred dollars, the superior court had jurisdiction, upon motion, under section 1055 of the Code of Civil Procedure, to order judgment against each surety for the amount for which he was severally liable. (*Moore* v. *McSleeper,* 102 Cal. 277.)

It was held that this court had jurisdiction on appeal from an order made after final judgment directing the payment of a sum less than three hundred dollars, as the superior court had original jurisdiction as to the subject of the action. (*Harron* v. *Harron,* 123 Cal. 509.) So where the defendant recovered a judgment upon his counterclaim for the sum of one

[1] 19 Am. Rep. 278.

dollar and costs, the judgment was affirmed here, although the question as to the jurisdiction of the court to render such judgment was not discussed. (*Davis* v. *Hurgren,* 125 Cal. 48.) And in all cases at law where the complaint states a cause of action giving the superior court jurisdiction the plaintiff may recover judgment for a less sum than three hundred dollars, the only penalty being that he cannot recover costs.

Plaintiff relies upon *Griswold* v. *Pieratt,* 110 Cal. 259. There the counterclaim did not arise out of the transaction set forth in the complaint. That case is discussed and distinguished in *Freeman* v. *Seitz,* 126 Cal. 292, and it is not necessary to repeat the reasons therein stated.

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., Lorigan, J., McFarland, J.