[Civ. No. 547.    Second Appellate District.—February 15, 1909.]

MERCHANTS' TRUST COMPANY, a Corporation, Respondent, v. GEORGE R. BENTEL, Appellant, and W. C. TONKIN et al., Respondents.

ACTION ON NOTE—JOINT AND SEVERAL GUARANTY—UNTENABLE CROSS-COMPLAINT—CONTRIBUTION—PARTIES—AMENDMENT OF CODE.—In an action on a note in which three out of eight joint and several guarantors are made defendants, which action was commenced subsequently to the amendment of 1907 to section 442 of the Code of Civil Procedure (Stats. 1907, p. 706), which expressly limits a cross-complaint to affirmative relief against a party or parties to the action, a cross-complaint by one of the guarantors defendant, who had made a payment on the note, seeking to bring all of the other guarantors in as parties, in order to enforce contribution against them, and seeking no relief against the plaintiff, is untenable, and a demurrer thereto was properly sustained, without leave to amend; and judgment was properly rendered on the note against the three guarantors made defendants.

ID.—FORMER DECISIONS INAPPLICABLE.—The decisions made under section 442 of the Code of Civil Procedure, as it existed prior to the amendment of 1907, are inapplicable under that section as then amended, it being the express object of the amendment to confine relief by cross-complaint to the parties to the action.

ID.—JOINT AND SEVERAL LIABILITY—RIGHT OF PLAINTIFF TO ELECT.—The plaintiff was entitled to elect whether he would sue one or more of the joint and several guarantors, and those sued can bring in no other defendants.

ID.—REMEDY OF GUARANTORS.—The guarantors made parties and those who were not made parties were left to determine their liabilities,

as between themselves, in a separate controversy, as they may choose.

ID.—CONSTRUCTION OF SECTION 389—NEW PARTIES.—The right to bring in new parties under the terms of section 389 of the Code of Civil Procedure still exists; but it is to be exercised when the court finds new parties necessary for the proper determination of a controversy already before it. Yet this right is subject to the power of the court to determine the controversy before it without bringing in new parties, "when this can be done without prejudice to the rights of others, or by a saving of their rights."

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, for Appellant.

Patton & Page, and Arthur C. Hurt, for Plaintiff, Respondent.

Schweitzer & Hutton, G. C. De Garmo, and Tanner, Taft & Odell, for Defendants, Respondents.

TAGGART, J.—Action against three of eight guarantors of a promissory note.   After the demurrers interposed to the complaint by the several defendants were overruled, the defendants Tonkin and Barlow answered to the complaint, and the defendant Bentel, appellant here, filed an answer and also a cross-complaint which was subsequently amended.   In the latter he asked to have the other guarantors brought in and made parties to the action and for judgment against them and the two other defendants in his favor for the sum of $1,000, alleged to have been paid by him on the note sued on.   Demurrers to the amended cross-complaint filed by plaintiff, the defendant Tonkin, and the five parties asked to be brought in, were sustained without leave to amend, and judgment went for plaintiff on its complaint against the three original defendants for the amount claimed.   The defendant George R. Bentel appeals from the judgment and presents as ground for its reversal the erroneous ruling of the trial court in sustaining the demurrers to his amended cross-complaint without leave to amend.

But one question of law is presented: Was appellant entitled to have his coguarantors made parties and their respective liabilities among themselves, to pay any judgment obtained by plaintiff, determined in this action? The obligation was joint and several and either one of the guarantors was liable to the plaintiff for the full amount, so that it might have sued appellant alone. Section 438 of the Code of Civil Procedure and the authorities resting upon it which are cited by respondent have no application here, as it is not contended that the cross-complaint sets up any counterclaim existing in favor of the defendant-appellant against the plaintiff. The cause of action stated in the cross-complaint is one for contribution against the other guarantors on the note and no allegations are made which can be construed to state a cause of action against plaintiff. The right of action rests upon the liability created by section 1432 of the Civil Code.

In the consideration of sections 389 and 442 of the Code of Civil Procedure we find that under the former the court must order parties brought in and. a cross-complaint may be filed for that purpose, "when a complete determination of the controversy cannot be had without the presence of (such) other parties." The controversy here was the obligation of the three defendants sued to pay the balance due on the promissory note. There was nothing in connection with that controversy which would justify a holding that the question of contribution among the coguarantors was necessary to its determination.

Prior to 1907, section 442 read: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction," etc., "he may . . . file . . . a cross-complaint." In 1907 (Stats. 1907, p. 706) this section was amended to read: "Whenever the defendant seeks affirmative relief against any party *to the action,* relating to or depending upon," etc., thus limiting the application of the section to parties to the action. Accepting the rule to be, as claimed by appellant, that the code provisions are to receive a liberal construction to the end that controversies between the same parties and concerning the same subject matter may be adjusted in one proceeding, and conceding for the sake of argument that section 442, prior to the amendment in 1907, authorized the bringing in of these new parties, and that the cases in this state cited by

appellant support this view, we must consider the fact that all these cases were determined prior to the amendment of the section; the latest case cited being *Sullivan* v. *California Realty Co.,* 142 Cal. 201, [75 Pac. 767], decided in February, 1904.

It is apparent, then, that the amendment was intended to remove all doubt as to the practice in just such cases as the one at bar. The plaintiff was entitled to elect whether it would sue one or more of the defendants, leaving them to determine their respective liabilities in a controversy among themselves if they wished. This right of election would be of little avail if, even in a case in which there was no defense to the cause of action sued on, a plaintiff could be denied his remedy until contesting persons whom he had not made defendants to the action could be brought in by those whom he had made defendants and their controversies among themselves fought out on a cross-complaint filed in his action. If such were the proper construction of section 442 before its amendment, there can be no question that the cross-complaint which may now be filed by virtue of the provisions of the section is limited to affirmative relief against "parties to the action." The right to have new parties brought in under section 389 still exists, and this may be done whenever the court finds it necessary for a proper determination of the controversy before it; but this right is subject to the power of the court to determine the controversy before it without bringing in new parties "when this can be done without prejudice to the rights of others, or by a saving of their rights."

The trial court's ruling on the demurrers to the cross-complaint was correct and should be sustained.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 17, 1909.