[Civ. No. 8764. First Appellate District, Division One.—January 20, 1933.]

FRANK W. AITKEN, Appellant, v. ANDREW W. STEWART, Respondent.

40

Frank W. Aitken, *in pro. per.,* and Aitken & Aitken for Appellant.

Black, Hammack & Black and Carey McWilliams for Respondent.

BURROUGHS, J., *pro tem.*—This appeal is from a judgment entered upon an order sustaining a demurrer to an amended complaint without leave to further amend. The cause arose out of a sale under a trust deed. So far as necessary to a decision of this appeal, the facts alleged in the amended complaint are as follows: From November 12, 1925, until April 30, 1926, the parcel of land described therein was owned by the Pacific Rock Company, a corporation, hereinafter referred to as the rock company, and on the day last named it sold the same to the plaintiff; that on or about November 12, 1925, one James F. Welsh and one J. B. Stevans, without authority, signed the name of the rock company to an instrument in form of a deed of trust, purporting to convey to a trustee, in trust for the defendant, the aforesaid real property to secure the payment of a certain promissory note in the sum of $32,640; that said note was executed by the same persons in the name of the rock company, but also without authority; that said purported deed and note were both signed by Fewel-Webb Company, another corporation, and that more than $20,000 advanced by the defendant on said note and deed of trust was loaned to the latter company, and less than $7,000 to

the rock company; that the execution of said note and deed of trust "were and are beyond the powers of said Pacific Rock Company, and *ultra vires* and void". This last allegation is followed by others setting forth in full what purports, under the articles of incorporation, to be the purposes for which the corporation was formed; that the company was not thereby "authorized or empowered in or by said articles of incorporation to guarantee the obligations of any other corporation, or to mortgage its property as security for the payment of money borrowed by any other corporation, or to contract for the repayment of money borrowed by any other corporation, or to guarantee any of the obligations thereof. That said note and said deed of trust were not, nor was either of them, as to the money advanced by Andrew W. Stewart to Fewel-Webb Company, an obligation or contract essential to the transaction of the affairs of Pacific Rock Company or for the purposes of said Pacific Rock Company"; that the by-laws of said rock company authorized its board of directors to borrow money and to give security therefor, the amount thereof and the terms of the loan to be entered on the minutes of the board; that the president and secretary were to sign all written obligations to pay indebtedness and all instruments of security; that in the instant case the board of directors did not cause to be entered in the minutes the terms of either the trust deed or note; that the defendant has at all times claimed that there was loaned by him to the rock company on said note and deed of trust not less than $32,000 that had become due; that the plaintiff in this action has paid to the defendant on said indebtedness the sum of $12,562.80, and thereby the defendant has been overpaid the $7,000 which, according to plaintiff's information and belief, was advanced by the defendant, and that the excess should be returned to this plaintiff; that the same was paid through a want of knowledge of the true amount due the defendant from the rock company; that an accounting should be had between the parties and when the true sum ascertained, plaintiff should have judgment for such overpayment; that on May 21, 1930, the defendant claimed that there was a balance due him on said note from the rock company in the sum of $16,909.26, and thereafter caused the property in controversy to be sold under the terms of the trust deed to satisfy said note,

and defendant purchased said property for the sum of $5,000; that at the time of purchase and at the present time said property is worth the sum of $75,000; that said property was not subject to the deed of trust; that at the time of the sale the defendant had full knowledge of the facts alleged in the amended complaint. The prayer is for an accounting and a judgment for the excess paid by the plaintiff over and above the amount actually found due the defendant from the rock company; that the sale under the trust deed be set aside; that the defendant be enjoined from attempting to enforce the collection of the note by a sale of the property, and also for general relief.

It is contended that as the amended complaint sets forth all of the powers of the rock company conferred upon it by its articles of incorporation, and it does not appear therefrom that it is given power to become a surety or guarantor for the debt of another, the Fewel-Webb Company, having received more than $20,000 of the loan secured by the trust deed, that portion of the loan so secured is *ultra vires* and void. ■ In considering the doctrine of *ultra vires* it must be borne in mind that the plaintiff, as successor in interest of the real property involved, cannot stand in any better position than his grantor, the rock company. ■ The note and deed of trust which it is sought to have set aside are not obnoxious either to law or public policy, but merely in excess of the powers of the corporation as prescribed by its charter. Under such circumstances the defense of *ultra vires* is looked upon by the courts with disfavor. In Cal. Jur., volume 6A, page 1287, section 740, it is said: "Since the defense of *ultra vires* is purely legal in aspect and in a sense technical, involving as it does a harsh and unyielding bar which if sustained necessarily precludes a consideration of the ethical features of a case and is thereby calculated to result in wrong to innocent parties, it does not appeal strongly to a court of equity. In other words, it is the policy of the law and the endeavor of the courts to hold corporations, as well as natural persons, to their contracts and make them liable for the obligations they have incurred." (See, also, *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543 [99 Am. Dec. 300]; *McKee* v. *Title Ins. etc. Co.*, 159 Cal. 206 [113 Pac. 140]; *Lowe* v. *Los Angeles Suburban Gas Co.*, 24 Cal. App. 367 [141 Pac. 399]; *Davis* v. *Pacific*

*Studios Corp.*, 84 Cal. App. 611 [258 Pac. 440].) It might not be amiss to say that the doctrine of *ultra vires,* as applied to the facts of this case, has, since their occurrence, been abolished. (Sec. 345, Civ. Code.)

As shown by the pleading in the case at bar, the rock company executed with the Fewel-Webb Company a joint and several note together with a trust deed upon land owned by it to secure the repayment to the defendant herein of all the money so loaned. Its successor in interest now seeks to avoid payment by pleading that the corporation had no power to secure the debt, at least so far as the portion of the money which went to the Fewel-Webb Company. We are of the opinion that such a position cannot be successfully maintained. In a note to section 740 of volume 6A, Cal. Jur., page 1287, it is held that one cannot hold on to property and plead *ultra vires* against an obligation to pay for it. Such doctrine "has no recognition or support in the law", citing in support thereof *McKee* v. *Title Ins. etc. Co., supra,* and *Lowe* v. *Los Angeles Suburban Gas Co., supra.* There is no difference in principle between the cases last cited and the one at bar. As stated in the syllabi of the McKee case, *supra,* "The failure to observe the requirements of section 359 of the Civil Code in reference to the manner of issuing the bonds does not render their issuance *ultra vires* and void, if the corporation has received and holds the proceeds of the sale of the bonds." In the instant case the defendant paid out his money on the strength of the note and deed of trust and neither the maker thereof nor . its successors in interest should be permitted to avoid payment because of a technical defense created by the act of the corporation itself, by which the defendant loaned its money, even though part of it went to the comaker.

One of the cases relied upon by plaintiff in support of his claim that he has a right to raise the question of *ultra vires* is *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625 [250 Pac. 669, 48 A. L. R. 1308], but that case is not in point. Its holding on this subject is best stated in the last paragraph of the syllabi as follows: "Outlawed Mortgage—Assumption. Unless the grantee' in a deed assumes or agrees to pay a mortgage, or unless the amount of the mortgage is deducted from the purchase price, a purchaser who merely takes subject to the mortgage is not estopped from

showing that it has been paid or that the amount claimed is not legally owing upon it." But the question here is not the effect of an outlawed mortgage, but involves plaintiff's right to usurp a right which at best belongs to a corporation acting through its board of directors, its stockholders, or the state.

The appellant also claims that "The deed of trust was never authorized by the corporation whose name was signed to it." It is alleged that Welsh and Stevans executed the note and trust deed in the name of the rock company but without authority to do so. It is the contention that this allegation is a sufficient statement of fact to raise the issue of execution of said instruments, and therefore a cause of action is stated. A further examination of the pleading discloses that in other paragraphs it is alleged the note and deed of trust were executed without conforming to the method prescribed in the by-laws, which require that the amount and terms of the loan shall be entered in the minutes of the corporation; that the president and secretary shall sign officially all written obligations to pay indebtedness and all instruments of security; that the said board of directors were not authorized to borrow money or give security in any other manner and that they did not enter or cause to be entered in the minutes the amount and terms of the loan, "and no such entry was made therein". We are of the opinion that the general averment, that the note and deed of trust were executed by Welsh and Stevans in the name of the corporation, but without authority, is modified by the subsequent statement that the lack of authority consisted in their failure to enter the amount and terms of the loan in the minutes of the corporation. Such conclusion finds ample support in the authorities of this state. In 21 Cal. Jur., page 50, section 28, it is said: "In determining the sufficiency of a pleading, the whole of its averments must be taken together."

In *California etc. Assn.* v. *Rindge L. & N. Co.*, 199 Cal. 168, 179 [248 Pac. 658, 662, 47 A. L. R. 904], it is said: " 'Where a plaintiff alleges performance of a contract on his part in general language, "the general allegation will not save the complaint where, in addition, plaintiff sets out what he has actually done, and such facts fall short of due performance". (13 C. J. 727; *McNulty* v. *New Richmond*

*Land Co.*, 44 Cal. App. 744, 747 [187 Pac. 97].)' " In *Denman* v. *City of Pasadena*, 101 Cal. App. 769, 776 [282 Pac. 824], it is said: "But, 'where a conclusion is alleged and also the special facts from which the conclusion is drawn, if the special facts are inconsistent with and do not support the conclusion, the former control, and the sufficiency of the complaint is to be determined from the special facts pleaded'. (*Little* v. *Union Oil Co. of Cal.*, 73 Cal. App. 612, 619 [238 Pac. 1066, 1068], where many cases are cited.)" We think that the rule thus promulgated is applicable to the facts pleaded in the case at bar, and that the only want of authority thus pleaded is the failure to enter in the minutes of the corporation the amount and terms of the loan represented by the note and deed of trust. Is such failure sufficient to state a cause of action against the defendant? Volume 6A, Cal. Jur., page 325, section 169, in speaking of the by-laws of a corporation says: "The by-laws are of no binding force upon third persons having no knowledge of them."

It is said in *Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 300 [28 Pac. 1049, 1051], "It is also claimed that the creation of the indebtedness was *ultra vires* by force of a by-law of the corporation, which provides that 'no indebtedness shall be incurred by the board of directors . . . which in the aggregate shall exceed the amount of capital stock actually subscribed at the time such indebtedness is incurred'. This by-law is the creature of the corporation, acting through and by its stockholders, and generally for their benefit alone; and the same authority that enacted it may repeal it. (Taylor on Private Corporations, sec. 584; *Smith* v. *Nelson*, 18 Vt. 511.) Furthermore, if a course of action contrary to a by-law of a private corporation is acquiesced in by the shareholders, the by-law is thereby waived, and will not affect the rights of persons dealing with the corporation in good faith (Taylor on Private Corporations, sec. 197, and cases there cited), even though such persons may be shareholders, if they did not have actual notice of the by-law; and where notice is material, 'it must be proved against shareholders and agents, as well as against strangers, by direct or presumptive evidence, and cannot be imputed by an arbitrary rule of law'." In *Newton* v. *Johnson Organ etc. Mfg. Co.*, 180 Cal. 185 [180 Pac. 7], it is held

that the by-laws of a corporation are of no binding force upon third persons having no knowledge of them.

We are of the opinion from the foregoing that to entitle the plaintiff to relief under the conditions above set out, it was necessary for him to plead that the defendant herein had actual notice of the requirements of the by-laws before the amended complaint would state a cause of action. Having failed to plead such fact, we are of the opinion that this claim of appellant is not well founded. ■ We are also of the opinion, from what has already been said upon the rights of the corporation to exceed the powers conferred by the articles of incorporation under the circumstances of this case, that even if knowledge of this defendant of the existence of such by-laws had been pleaded, a cause of action would not have been stated.

■ The foregoing considerations have been based upon the theory that the appellant, as successor in interest of the property covered by the deed of trust, had the right to raise the question of *ultra vires*. We have been unable to find any authority under the facts shown, bearing directly upon this question. However, at the time of the execution of the note and deed of trust, the appellant was not in any manner interested in the property covered by the deed of trust, nor was he connected with the corporation. The transaction had been closed and the money loaned to the parties by the defendant herein, and neither the corporation nor its officers or stockholders, nor the state, are here complaining. It would therefore appear logical that the appellant cannot raise the question.

In Fletcher's Cyclopedia Corporations, volume 3, page 2648, section 1575, it is said: " 'If the mortgage here in question be *ultra vires*, no one can take advantage of the defect of power involved but the state. As to all other parties, it must be held valid, and may be enforced accordingly.' "

In 7 Cal. Jur., page 63, section 554, it is said: "There is a vital distinction between contracts based upon fraud or made in violation . . . of statutes designed to aid the sovereign power in the regulation of certain kinds of business." (*Blockman Com. etc. Bank* v. *F. G. Investment Co.*, 177 Cal. 762 [171 Pac. 943].) Unless the contract is declared to be void, the violation of a provision of the latter class of statutes can be taken advantage of only at the instance

of the state or sovereign power in a direct proceeding; it cannot be raised collaterally by individuals, and the same rule applies as to the authority of a corporation to make a loan to one who' dealt with the company as having such authority. In Fletcher's Cyclopedia Corporations, volume 3, page 2589, section 1527, it is said: "Except where it is otherwise provided by statute, it is a general rule, subject to certain exceptions, that a plea of *ultra vires* cannot be interposed by a stranger not a party to the contract." While it is true that strangers may complain when they show that they are injured, in the case at bar plaintiff was a total stranger when the contract was closed, and was not injured.

In Cal. Jur., volume 6A, page 1284, section 739, it is said: "Generally one may not complain or defend who is not injured or concerned as a stockholder."

In *State Ins. Co.* v. *Farmers' Mutual Ins. Co.*, 65 Neb. 34, 41 [90 N. W. 997, 1000]: "The rule seems to be based upon the proposition that he only can invoke the doctrine of *ultra vires* who can show the violation of some duty owing to himself". We think the foregoing rule is consistent with the facts of the instant case. When the note and trust deed were made, and the money changed hands, and ever since that time the plaintiff has been, and is, a stranger to the corporation, no duty was owed to him by either party to the contract, and he cannot now be heard to complain of the transaction.

In *Daniels* v. *Belvidere Cemetery Assn.*, 193 Ill. 181 [61 N. E. 1031], a second mortgagee sought to have a first mortgage set aside as having been *ultra vires,* by reason of an assignment to the corporation then holding it by reason of an exercise in excess of its powers. The court held that the first mortgage was a valid lien when the second mortgage was given. So, in the case at bar, at the time plaintiff purchased the land, it was subject to the deed of trust, and was a valid and subsisting transfer of the property subject to defeasance by the corporation in accordance with its terms, and the plaintiff took title subject thereto and is not entitled to question the same.

 It is also a claim that the note has been paid. This contention is founded upon the allegations of the amended complaint that the plaintiff has repaid all of the money

48

which the defendant has loaned to the rock company. To this we think there are several answers. The note and deed of trust were, until the sale of the property by virtue of the terms of the trust deed and note, a subsisting and unpaid obligation which could not be attacked by either the corporation or the plaintiff. Again, the note being joint and several, any one or all of the makers may be sued thereon for the full amount due. (*Merchants' Trust Co.* v. *Bentel,* 10 Cal. App. 75 [101 Pac. 31]; Code Civ. Proc., sec. 383; Civ. Code, sec. 1659; 19 Cal. Jur., p. 971, sec. 138, and cases there cited.) If the last conclusion is correct, then no accounting is necessary or proper, for there is no claim made that the full amount of the note has been paid.

Plaintiff further sets up that, as he alleges the value of the property was at all times $75,000 and defendant purchased it for $5,000, he has shown a damage which entitles him to maintain this action. However, there are no irregularities in the sale, nor fraud or mistake alleged, and in demanding the sale defendant was clearly within his legal right.

As we understand, counsel does not complain that the court has not given him further opportunity to amend his complaint. The record discloses that the complaint in issue is a second amended complaint with two subsequent amendments thereto, but he argues that a cause of action has been stated, and such being the case, the court committed error in sustaining the demurrer. We have already held that a cause of action has not been stated.

The foregoing is conclusive of the rights of the parties upon this appeal and no further discussion is deemed necessary. The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.