[Civ. No. 3155. Third Appellate District.—March 11, 1927.]

## H. SMITH, Appellant, v. CHIN CHEW et al., Respondents.

[1] LANDLORD AND TENANT—ACTION FOR RENT — PLEADING — COMPLAINT—FAILURE TO ALLEGE AMOUNT IS UNPAID, DUE, OR OWING. A complaint, in an action for money due for rent of land, which fails to show that the amount sued for is unpaid, due, or owing, and no amount is asked for in the prayer, is fatally defective and insufficient to state a cause of action.

[2] PLEADING — COMPLAINT — PRAYER FOR RELIEF—ANSWER.—Where an answer is filed, the prayer of the complaint is no longer an essential part thereof.

[3] COURTS—JURISDICTION—PLEADING.—In an action against a partnership for money due for rent of land and for material furnished, where the action in the superior court was dismissed as to one defendant partner on the ground of a defective complaint on production of a receipt of payment, and the amended complaint showed a cause of action within the jurisdiction of the justice's court only, the remaining defendant's motion for dismissal for want of jurisdiction of the superior court should have been granted.

---

(1) 36 C. J., p. 418, n. 81.　(2) 31 Cyc., p. 110, n. 97.　(3) 18 C. J., p. 1183, n. 82.

1. See 17 Cal. Jur. 630; 21 Cal. Jur. 35.
2. See 21 Cal Jur. 67.
3. Amount in controversy as basis of jurisdiction, note, 21 Am. St. Rep. 617. See, also, 7 Cal. Jur. 687; 7 R. C. L. 1052.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. McComish for Appellant.

Alva A. King for Respondents.

PLUMMER, J.—The plaintiff began this action by filing a complaint against the defendant Chin Chew. Thereafter a first amended complaint was filed, bringing in the defendant Chun Hee Tong. The amended complaint bringing in the defendant Chun Hee Tong is, after the title, in words and figures following:

"Plaintiff complains of defendants and alleges:

"I.

"That defendants became indebted to plaintiff within the four years last past in the sum of $427.55, of which sum $295 was for rent of land furnished to defendant Chun Hee Tong and $132.55 was for labor and services and wood furnished to defendant, Chin Chew, all at the special request of defendants, who are partners.

"That no part of said sums has been paid except $————, and that the sum of $————, is unpaid, due and owing.

"Wherefore, plaintiff prays judgment against defendants in the sum of $———— and for costs of suit.

"(Signed) C. D. McComish,

"Attorney for Plaintiff."

Upon the case being called for trial, the plaintiff dismissed his action as against the defendant Chin Chew and thereupon asked and obtained of the court leave to amend his complaint by inserting the figures $238.35 and $139.30, making the last paragraph of his complaint read as follows:

"That no part of said sums has been paid except $238.35, and that the sum of $139.30, is unpaid, due and owing."

Thereupon the defendant Chun Hee Tong, through his counsel, moved that the action as against him be dismissed. This motion was denied. Later in the proceedings the motion was renewed on the ground that the court had no jurisdiction. This motion was also denied. During the

course of the trial the following exhibit was introduced in evidence:

"Colusa, Cal., Nov. 13, 1925.

"Received of A. A. King the sum of Three Hundred Dollars in full of all claims against Chin Chew and I agree to release the attachment against said·Chin Chew's property in the case of H. Smith vs. Chin Chew.

"C. D. McComish,

"Attorney for Plaintiff H. Smith."

At the conclusion of the trial, the court ordered judgment that the plaintiff take nothing by reason of this action, not on the ground that the court was without jurisdiction, but upon the ground that the sum of $300 was accepted in full settlement of the $427.55 originally sued for in the action begun against the defendant Chin Chew. This appears from the following excerpt taken from the opinion of the trial court:

"Quite aside from this above discussion, I am of the firm opinion that 'having settled with one partner' as is claimed, no action can now be prosecuted in this Court, as against another partner when the amount claimed is below the jurisdictional amount for this court. However the decision herein is placed on the theory that full payment was made of the entire claim."

[1] From the judgment that the plaintiff take nothing this appeal is prosecuted. It is urged upon our consideration that the court erred in holding that the receipt set out herein was any defense to the action as against the defendant Chun Hee Tong, or that the payment of the said sum of $300 constituted full payment of the sum of $427.55 sued for in the original complaint. It may be stated that there is nothing in the pleadings indicating a controversy over the amount due from the defendants to the plaintiff or that the parties had accounts against each other, or that there was any accord and satisfaction, but we do not need to decide whether the court did or did not err in holding that the receipt of $300 paid by the defendant Chin Chew operated as a release of whatever claim the plaintiff may have had against Chun Hee Tong, for the following reasons: The amended complaint under which the defendant Chun Hee Tong was made a defendant is manifestly insufficient

to state a cause of action. There is nothing in the complaint showing that the amount sued for had not been paid, or that any sum whatever was unpaid, due, or owing. Had no appearance been made by the defendant Chun Hee Tong no judgment by default could have been entered against him. [2] It is true that where an answer is filed, the prayer of the complaint is no longer an essential part thereof, as the plaintiff is entitled to the relief shown by his pleadings, but, in this case, the essential elements, to wit, the amount unpaid, the fact that the amount for which the defendant is alleged to have become indebted is not alleged to be unpaid, due, or owing, and no amount is asked for in the prayer. It is manifest that the complaint is fatally defective.

"In a complaint upon an obligation to pay money an allegation that the money has not been paid is required, on the theory that a failure to pay constitutes the breach of the contract sued on." (20 Cal. Jur., p. 945, sec. 27.) Likewise, in further considering the subject of an answer and allegations as to payment, the text-writer, in section 28, page 950, same volume, states the rule in this manner: "But where the allegation of nonpayment is wholly lacking or is fatally defective, the fact that no demurrer is interposed and that judgment goes by default is immaterial, since the decree goes to the statement of a cause of action."

In *Burke* v. *Dittus,* 8 Cal. App. 175 [96 Pac. 330], we find the following: "If there had been no attempt to aver nonpayment, either by an allegation amounting only to a conclusion of law or otherwise, the complaint would not have stated a cause of action; and this could be urged at any time, even without demurrer."

In *Richards* v. *Travelers' Ins. Co.,* 80 Cal. 505 [22 Pac. 939], it is said: "A complaint in an action to recover a sum of money due under a life insurance policy, which contains no allegation that the policy is unpaid, is fatally defective, and is not cured by a verdict in favor of the plaintiff."

Likewise, in *Hurley* v. *Ryan,* 119 Cal. 71 [51 Pac. 20], it is held: "In an action upon contract to recover money, the breach of the contract to pay is of the essence of the cause of action, and must be alleged; and a complaint which does not allege that the debts sued upon have not been paid fails to state a cause of action."

[3] This was the status of the pleadings at the time the action was called for trial, at which time the plaintiff, through his counsel, asked leave to amend his complaint by alleging that there had been paid upon the indebtedness mentioned in the complaint, as having been incurred some time during the four years previous to the beginning of the action, the sum of $238.35, and that the sum of $139.30 is unpaid, due, and owing, thereby presenting to the superior court a complaint in the following language:

"Plaintiff complains of defendants and alleges:

"I.

"That defendants became indebted to plaintiff within the four years last past in the sum of $427.55, of which sum $295 was for rent of land furnished to defendant Chun Hee Tong and $132.55 was for labor and services and wood furnished to defendant, Chin Chew, all at the special request of defendants, who are partners.

"That no part of said sums has been paid except $238.35, and that the sum of $139.30, is unpaid, due and owing.

"Wherefore, plaintiff prays judgment against defendants in the sum of $139.30 and for costs of suit.

"(Signed) C. D. McComish,
"Attorney for Plaintiff."

which needs only to be read to establish the fact that by amending the complaint, which did not state a cause of action, the plaintiff stated a cause of action showing jurisdiction only in the justice's court.

The motion of the defendant Chun Hee Tong to dismiss should have been granted, but, as the court entered judgment that the plaintiff take nothing against said defendant by reason of his action, it follows that the judgment of the trial court should be, and the same is hereby, affirmed.

Shields, J., *pro tem.*, and Finch, P. J., concurred.