[L. A. No. 13897. In Bank.—April 16, 1934.]

H. A. ROSENKRANZ, Respondent, v. H. L. BENTLEY et al., Appellants.

530

Oliver M. Hickey, Wm. J. Clark and Henry M. Lee for Appellants.

Phillips & Thompson and L. H. Phillips for Respondent.

PRESTON, J.—In this, a judgment-roll appeal by defendants in an action to foreclose a chattel mortgage, they seek to show a lack of jurisdiction in the Superior Court of Los Angeles to enter the decree of foreclosure because at the time the decree was rendered in the action, the sum due was one over which the municipal court alone had jurisdiction. This claim seems to be entirely without merit. The facts necessary to confirm this conclusion are:

Plaintiff held a promissory note of defendants dated September 12, 1929, for the principal sum of $1750, due one year after date, and secured by a second deed of trust on real property. On April 24, 1931, defendants were in default in the payments required by this note, there being due at that time the sum of $2,125. On said date proceedings to conduct a sale in foreclosure were in progress but not completed. Likewise, on said date, defendants became further indebted to plaintiff in the sum of $900, also evidenced by a promissory note, and they executed to plaintiff a chattel mortgage on certain household effects to secure both notes. The chattel mortgage contained the following provision:

" . . . with the further understanding however, that upon any default of the terms or conditions of the note herein mentioned and/or upon the failure of the mortgagors to pay any or all taxes and assessments upon said real property mentioned in said deed of trust given as security for the repayment of said loan of $1,750 . . . and/or of any sums due as principal and/or interest upon the first mortgage or trust deed . . . and/or upon the failure of mortgagors to fulfill each and all of the terms and conditions of this chattel mortgage and of the terms of the note in the sum of $900. herein mentioned, being one of the items for which this chattel mortgage is given as security, then, in that event, mortgagee shall have the right to proceed with the foreclosure of this chattel mortgage in accordance with the terms thereof, and shall have the further right to resume the proceedings already instituted . . . for the sale of said real property in accordance with said deed of trust . . . "

Defendants being in default on all their obligations, plaintiff instituted this action to foreclose said chattel mortgage. The amount due on the first note was $538.15 and on the second note (secured by the second trust deed) $2,286.45. After commencement of the action and before judgment of foreclosure, plaintiff resumed proceedings for sale under the deed of trust; the foreclosure sale was held and the proceeds thereof were sufficient to discharge the larger note. Thereupon the court, in this action, proceeded with foreclosure of the chattel mortgage in liquidation of the smaller note only.

It is conceded that if jurisdiction attached at the time of the institution of the action, it remained throughout, even though the amount of the debt at the time of judgment was below the limit required for the jurisdiction of the superior court. (*Gardiner* v. *Royer*, 167 Cal. 238 [139 Pac. 75].) The contention of appellants is that the chattel mortgage, as to the larger note, was a second, and not a primary, obligation; therefore plaintiff could not foreclose except as to a deficiency which might arise from a sale first had under the deed of trust; hence, the superior court never had jurisdiction. The unsoundness of this contention is evident. The provision of the chattel mortgage above quoted seems clearly to provide for a primary action of foreclosure as to both notes, on default as to either or as to certain other covenants,

532

all with the option in respondent to resume foreclosure proceedings under the deed of trust. This also appears from the plain language of the following further provisions of said chattel mortgage:

"The mortgagors mortgage to the mortgagee all that certain personal property . . . (describing it) as security for the payment to H. A. Rosenkranz of the following obligations: 1. The sum of $900 with interest . . . according to the terms and conditions of a certain promissory note of even date herewith . . . (setting forth the note *in haec verba*). 2. The sum of $2,125 approximately which is represented by a promissory note . . . (setting forth the note *in haec verba*). . . . "

The doctrine of the recent case of *Bank of Italy, etc.,* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940], does not seem to be in any way involved. Plaintiff here has a double primary security and has the right to proceed to realize upon the one, the other, or both, at his election.

The judgment is affirmed.

Curtis, J., Thompson, J., Shenk, J., Langdon, J., and Waste,. C. J., concurred.