[Civ. No. 9297. First Appellate District, Division Two.—May 9, 1934.]

D. G. KLING et al., Appellants, v. KIMBALL PUMP COMPANY, INC. (a Corporation), Respondent.

W. P. Hyatt, *in pro. per.*, and D. G. Kling for Appellants.

Freston & Files and Ralph E. Lewis for Respondent.

SPENCE, J.—Plaintiffs filed their "Complaint for rescission and damages". In the prayer of said complaint they asked for a decree declaring a certain conditional sales contract to be null and void and ordering defendant to return their promissory note for $512, together with the sum of $433 received by defendant under said contract. They also prayed for damages. Defendant answered denying practically all of the material allegations of the complaint. Defendant also filed a cross-complaint stating a cause of action upon said promissory note. The trial court entered judgment denying plaintiffs the relief asked in their complaint and awarding defendant the amount due under the terms of said promissory note. Plaintiffs appeal from the judgment so entered.

Appellants first contend that the trial court erred in "rendering judgment against the plaintiffs on defendant's cross-complaint". They argue that the cause of action stated in the cross-complaint was one for less than $2,000 and that the superior court had no jurisdiction thereof. In our opinion this contention is without merit. The complaint sought rescission of the transaction in which the note set forth in the cross-complaint was given. The superior court had jurisdiction of the cause of action set forth in the complaint and therefore had jurisdiction of the cause of action set forth in the cross-complaint even though the demand in the cross-complaint was for less than $2,000. (*Sullivan* v. *California Realty Co.*, 142 Cal. 201 [75 Pac. 767].)

Appellants also contend that the findings against plaintiffs and in favor of defendant are wholly unsupported by the evidence and that the trial court "permitted reversible error in refusing judgment for plaintiffs on their complaint". The controversy in this case arose over the sale under a conditional sale contract of a pump for use in a well on appellants' land. The pump was in use almost a

year before appellants attempted to rescind. They claimed that certain representations had been made by respondent and its agent concerning said pump, which representations were false. Upon the trial evidence of said representations was given by appellants. The agent of respondent was not called as a witness and the testimony of appellants regarding the representations was not contradicted. It seems to be appellants' theory that they were therefore entitled to judgment. Their position is manifestly unsound as they were required to prove not only the making of the representations but the falsity of said representations. Appellants sought to prove the falsity thereof by evidence regarding the manner in which the pump performed. There was some conflict on this subject. Respondent called as a witness a discharged employee of appellants whose testimony was in conflict with that of appellants. Appellants say that this witness' testimony ''should be taken with several grains of salt'', but the question of his credibility was one for the trial court. The main dispute here, however, arose over appellants' claim that the pump did not perform as represented by respondent and over respondent's claim that any failure of the pump to perform as represented was not caused through any fault of respondent or through any defect in the pump. Respondent took the position that such failure, if any, was caused either by reason of the manner of installation of the foundations for the pump, which foundations appellants were required to furnish under the terms of the contract, or the rapid lowering of the water level in the well or the negligent manner in which the pump was operated by appellants. A review of the record leads us to the conclusion that there was ample evidence to sustain respondent's claims and that the trial court was justified in finding that said pump ''has at all times complied with and conformed to all of the warranties, representations and guaranties made by defendant and cross-complainant''.

It is further contended that the trial court ''permitted reversible error in sustaining defendant's objection to the letters between plaintiffs and defendant''. The error, if any, in refusing admission to the correspondence had between the parties during the time that the pump was in use on appellants' land does not appear to us to have been

prejudicial to appellants. An examination of this correspondence shows that practically the entire subject matter thereof was covered by oral testimony upon the trial and, furthermore, it appears that such correspondence would have had a greater tendency to sustain respondent's position than to sustain the position of appellants.

In contending that the trial court "permitted reversible error in denying plaintiffs' motion for a new trial" appellants raise no new points, but rest upon the argument made under the other headings of their brief. We are therefore of the opinion that this contention may not be sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 8, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1934.