[Civ. No. 2188. Fourth Appellate District.—February 16, 1939.]

J. EDGAR ROSS et al., Appellants, v. W. T. McDOUGAL et al., Respondents.

J. Edgar Ross and Anna M. Ross, *in pro. per.*, for Appellants.

Albert H. Ford for Respondents.

GRIFFIN, J.—Appellants brought this action to recover $600 principal and $139.82 interest alleged to be due and unpaid on a conditional sales contract for the purchase of real property. Besides answering, the respondents filed a cross-complaint seeking to rescind the contract because of failure of consideration. On July 21, 1930, appellants and respondents executed an executory contract for the sale and purchase of property in Riverside County for the sum of $3,500, payable $100 in cash, $500 on or before August 1, 1930, $600 on or before each August 1st of 1931, 1932, 1933 and 1934, and $500 on or before August 1, 1935, the deferred payments to draw interest at the rate of 8 per cent per annum, payable quarterly. The property was incumbered with a mortgage for $1,000, which appellants agreed to pay and have released. The contract further provided that respondents should keep the dwelling on the property insured in the sum of $1200. During the month of May, 1931, the dwelling burned without fault of either party. Respondents had been given possession but were away at the time of the fire. Insurance in the sum of $700 was paid to the mortgagee upon the written consent of the parties. Appellants asked respondents' consent to credit the insurance on the last instalments of the contract. Although respondents did not consent to this being done, appellants proceeded to make the credit in that manner.

This action was brought on February 26, 1932, for the recovery of the instalment of principal falling due on August 1, 1931, and for the accrued interest. This case was previously before this court for determination. (12 Cal. App. (2d) 172

[55 Pac. (2d) 574].) The additional factual background is adequately set forth in that opinion. After a reversal of the judgment on the cross-complaint, the case was presented to the trial court for a new trial. In reversing the judgment this court held that the $700 received from the insurance should be applied as follows: "first, on any interest due and unpaid; second, on the $600 payment of principal falling due August 1, 1931; and third, on obligation next in maturity which would be installments of interest next accruing", citing section 1479 of the Civil Code. After the case was remanded, appellants moved in the trial court that the answer be stricken and that they be given judgment in accordance with the prayer of the complaint. This motion was denied. Appellants then moved for leave to file a supplemental complaint, setting up the matters which had occurred since the filing of the original complaint, and deposited with the court a written tender of a deed. This motion was also denied. Respondents then moved to transfer the case to the Justice's Court of Beaumont Township, on the ground that the Superior Court of Riverside County had no jurisdiction. This motion was likewise denied. Respondents then moved for leave to file an amended answer. They were allowed to file certain amendments to the answer, including the defense that the Superior Court of Riverside County had no jurisdiction to try the cause. Respondents, some time before the trial, moved for a dismissal of their cross-complaint. The motion was granted. This action went to trial on the original complaint without amendments and the original answer with its amendments, before the court, on February 26, 1937. At the close of the trial the court rendered its decision. Appellants moved for a new trial. The motion was heard and denied by the court, after making an order changing and modifying its findings.

The court found, after crediting the sum of $700 as ordered, that there was due from respondents under the terms of the contract of purchase, the sum of $37.17, together with interest thereon at the rate of 7 per cent per annum from the first day of February, 1932, being $14.52, making a total of $51.69. Appellants appeal from this judgment.

Appellants now complain that the trial court erred (1) in denying plaintiffs' motion for an order striking the answer and granting summary judgment as prayed for in the com-

plaint; (2) in denying plaintiffs' motion for an order permitting them to file a supplemental complaint; (3) in denying plaintiffs' motion for an order permitting them to file an amendment to conform to the proof; (4) in denying plaintiffs' motion for a new trial; and (5) in giving judgment only for the amount due at the time of the filing of the complaint instead of giving judgment for the amount shown to be due at the time of rendition of the judgment. Other specifications of error were made as to certain findings which are immaterial to the issues presented.

■ The motion for summary judgment was made under section 437c of the Code of Civil Procedure. Under the pleadings, the motion was properly denied. Appellants cannot be heard to complain, for the trial court could have entered no different judgment on the pleadings than was finally entered after trial of the issues.

■ Respondents contend that the trial court was without jurisdiction to try the cause after dismissal of the cross-complaint; that it then, in effect, was an action at law to recover less than $50 and that therefore the jurisdiction was in the Justice's Court of Beaumont Township, citing *Smith* v. *Chin Chew*, 81 Cal. App. 704 [254 Pac. 599], and *Hammell* v. *Superior Court*, 217 Cal. 5 [17 Pac. (2d) 101]. Appellants claim that equity jurisdiction having once attached, it continues until all of the rights of the litigants have been adjusted, and that the equity court will dispose of the entire controversy, citing 10 Cal. Jur., p. 496, and 10 Cal. Jur., p. 559.

Considering first the allegations and prayer of the complaint filed February 26, 1932, we are impelled to hold that the cause of action stated is but an action at law to recover the sum of $739.82. (*Paramore* v. *Colby*, 45 Cal. App. 559 [188 Pac. 72].) The complaint, however, did admit that the sum of $700 was received by plaintiffs, but states that this sum was applied on the last payments due.

In passing on the issue when the case was previously before this court, it was stated: "Plaintiffs asked defendants' consent to credit the insurance on the last installments of the contract. Although defendants did not consent to this being done, plaintiffs proceeded to make the credit in that manner." In the absence of evidence of the intention or desire of the debtor that performance should be applied to the extinction

of·any particular obligation, this court held that the payment should be applied under section 1479 of the Civil Code. This ultimate determination was gleaned from the record of the evidence. The question of the intent or desire of the debtor as to the application of the $700 was not discernible from the pleadings.

Jurisdiction of the subject-matter is not to be determined in accordance with the amount of the recovery. The superior court retained jurisdiction throughout. The jurisdiction attached at the time of the institution of the action, even though the amount of the recovery at the time of the judgment was below the limit required for the jurisdiction of the superior court. (*Rosenkranz* v. *Bentley,* 220 Cal. 529 [31 Pac. (2d) 782]; *Turley* v. *Roberts,* 99 Cal. App. 71 [277 Pac. 878]; *Kling* v. *Kimball Pump Co., Inc.,* 138 Cal. App. 470 [32 Pac. (2d) 659].) Assuming, but not holding, that the claim of respondents, who have not appealed from the judgment, is vulnerable to this jurisdictional attack, a complete answer to the objection is contained in the decision of *Coggins* v. *Superior Court,* 127 Cal. App. 412 [16 Pac. (2d) 148].

It was found by the court from the allegations in the amendment to the answer that upon the rendition of the previous decision of the trial court the defendants quit and surrendered possession of the real estate to the plaintiffs and disclaimed any rights under the contract, and that therefore the plaintiffs ought not to be allowed to further maintain any action for the recovery of any portion of the purchase price after surrender of the real property by the defendants.

The written tender of a deed filed with the court February 24, 1937, contained the following condition:

"You will also take notice, that Mrs. Anna Gallagher, mortgagee of said property, has recently died, and her estate, of which Anna M. Ross is one of the heirs, is now being administered. On account of the administration there may be a fews days delay in the matter of securing from the personal representative of the said Anna Gallagher a release of the mortgage referred to in the said contract of sale, but said mortgage will be released of record before the final payment required by the terms of the agreement heretofore referred to."

Appellants were obligated under the terms of the contract before the last payment was made, to discharge of record the mortgage on the property. The proffered supplemental complaint does not allege a tender of a deed or a discharge of the mortgage. In fact, no tender of a deed was ever made to respondents. The written tender was simply filed with the other papers in the case.

It was held in the case of *North Stockton Town Lot Co.* v. *Fischer*, 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438], that a vendor of land under a written contract of sale, who has demanded payment of the residue of the contract price, after it has become due, and who has tendered a deed in connection with such demand, may maintain an action of debt to recover the unpaid portion of the contract price, at any time within the statute of limitations of four years. To the same effect is the case of *Amaranth Land Co.* v. *Corey*, 182 Cal. 66 [186 Pac. 765].

When the purchase money is payable in instalments and a conveyance is to be executed on the day of the last payment or on the payment of the whole price on any previous day, the covenants to pay the instalments falling due before the time for the execution of the deed are independent and suit may be brought thereon without conveying or offering to convey. But when the final payment becomes due under a contract in which time is essential, the obligation of the purchaser to pay the price and the obligation of the vendor to give a deed are dependent and concurrent. Accordingly, if the vendor allows the whole to become due without declaring a forfeiture, he must tender a deed as a condition to demanding payment. Without such tender, he may not declare a forfeiture or maintain a suit, either for the whole price or for an intermediate instalment. Covenants to pay instalments falling due on or after the day appointed for the conveyance are also dependent covenants, and where an overdue instalment is left unpaid until after the expiration of the time for performance of the entire contract and the contract is silent on the subject, the payment of such instalment and the execution and tender of a deed are regarded as mutual and dependent conditions. (*Boone* v. *Templeman*, 158 Cal. 290 [110 Pac. 947, 139 Am. St. Rep. 126]; *Kerr* v. *Reed*, 187 Cal. 409 [202 Pac. 142]; *Hoppin* v. *Munsey*, 185 Cal. 678 [198 Pac. 398]; *Lemle* v. *Barry*, 181

Cal. 1 [183 Pac. 150]; *Sausalito etc. Land Co.* v. *Sausalito Imp. Co.*, 166 Cal. 302 [136 Pac. 57]; *Hayt* v. *Bentel*, 164 Cal. 680 [130 Pac. 432]; *Hill* v. *Grigsby*, 35 Cal. 656; *Menzel* v. *Primm*, 6 Cal. App. 204 [91 Pac. 754]; *Weisenberg* v. *Hirschhorn*, 97 Cal. App. 532 [275 Pac. 997].)

■ The denial of appellants' motion to file an amendment to the complaint or a supplemental complaint seeking judgment in the sum of $3,325.40, the entire amount due under the contract, both principal and interest, without a proper tender of a deed free and clear of all incumbrances in accordance with the contract of purchase, was not an abuse of discretion.

■ Although great liberality should be shown in allowing amendments to pleadings, permission to file an amendment to a complaint or a supplemental complaint under section 464 of the Code of Civil Procedure to increase the amount sought to be recovered is addressed to the sound discretion of the trial court, and its decision in the matter, as in other cases, will not be disturbed in the absence of an abuse of such discretion. (*Merced Bank* v. *Price*, 9 Cal. App. 177 [98 Pac. 383]; *Philpott* v. *Superior Court*, 1 Cal. (2d) 512, at p. 526 [36 Pac. (2d) 635, 95 A. L. R. 990].) The record does not affirmatively show that its discretion was abused. (*Clavey* v. *Lord*, 87 Cal. 413 [25 Pac. 493].)

To disallow the amendment of the complaint to conform to the proof in seeking a recovery of all of the additional payments that came due after the original decision and after surrender of possession of the real estate, where there was no compliance with the contract in reference to paying off the mortgage and no sufficient tender of a deed was made, was not an abuse of discretion. (*Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44].) It is only in exceptional cases that the action of the trial court upon a matter of this kind will be disturbed upon appeal. We do not think this is such an exceptional case. (*Williams* v. *Flinn & Treacy*, 61 Cal. App. 352 [214 Pac. 1024]; *Phenegar* v. *Paolini*, 27 Cal. App. 381 [149 Pac. 1008]; *French* v. *Orange County Inv. Corp.*, 125 Cal. App. 587 [13 Pac. (2d) 1046].)

We find no other specifications of error meriting further consideration.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 18, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1939.