(113 App. Div. 375)

### PEOPLE'S TRUST CO. v. PABST.

(Supreme Court, Appellate Division, Second Department. May. 9, 1906.)

BANKS AND BANKING—LOANS TO OFFICERS WITHOUT APPROVAL OF DIRECTORS
—VALIDITY OF NOTE GIVEN FOR LOAN.

Under Laws 1892, p. 1857, c. 689, § 25, subd. 4, as amended by Laws 1895, p. 749, c. 929, providing that no officer or agent of any bank shall borrow from it without the approval of a majority of the directors, and that one violating such provision shall forfeit twice the amount to the state, when considered in connection with subdivision 1, absolutely prohibiting certain loans, a note executed by the teller of a bank for a loan made by it to him without the approval of the directors is not void.

[Ed. Note. —For cases in point, see vol. 6, Cent. Dig. Banks and Banking, §§ 660, 664, 665.]

Appeal from Trial Term.

Action by the People's Trust Company against William R. Pabst. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Francis A. McCloskey, for appellant.
John D. Fearhake, for respondent.

JENKS, J. The action is upon a promissory note and against an indorser. The note is for a renewal of $2,500 of a note for $3,000.

Cross-examination of a witness for the plaintiff elicited that the maker of the note was a teller in the employ of the predecessor of the plaintiff when the original note was made, and that the consideration was a loan of $3,000 made to him by that bank. Thereupon the witness on redirect testified that the loan was approved by the directors or a majority thereof, under objection and exception that his answer was a conclusion. On recross it was developed that this bit of testimony was hearsay, and a motion was made to strike it out. The court reversed its decision, but never made it. The defendant made no other motion or request, save that at the close of the plaintiff's case he moved for a dismissal on the grounds of failure of proof, that the note was void, and the plaintiff was not the holder in due course. The court reserved its decision on the motion, and finally filed its decision for the plaintiff. If the trial had been before a jury, the remedy of the defendant as to the incompetent testimony received was to ask the court to instruct the jury to disregard it. Holmes v. Moffat, 120 N. Y. at 163, 24 N. E. 275. But, as in this case the jury was waived and the court in its decision wholly disregards the question now presented, I will discuss it on the theory that there was no evidence that the loan was authorized by the directors.

The contention is that the note was void for failure of proof that there was compliance with subdivision 4, § 25, c. 689, p. 1857, Laws 1892, as amended by chapter 929, p. 749, Laws 1895, which provides as follows:

"No officer, director, clerk or agent of any bank shall borrow from the bank with which he is officially connected any sum of money without the consent and approval of a majority of the board of directors thereof. Every person violating this provision shall, for each offense, forfeit to the people of the state twice the amount which he shall have borrowed."

The contract is but malum prohibitum. The general rule is stated in Pratt v. Short, 79 N. Y. 445, 35 Am. Rep. 531, as follows:

"So, also, a prohibitory statute may itself point out the consequences of its violation, and if, on a consideration of the whole statute, it appears that the Legislature intended to define such consequences, and to exclude any other penalty or forfeiture than such as is declared in the statute itself, no other will be enforced, and if an action can be maintained on the transaction of which the prohibited transaction was a part, without sanctioning the illegality, such action will be entertained."

See, too, McBroom v. Scottish Investment Co., 153 U. S. 323, 14 Sup. Ct. 852, 38 L. Ed. 729; Harris v. Runnels, 12 How. (U. S.) 79–84, 13 L. Ed. 901. The subdivision quoted, supra, does not prohibit such transaction or declare it void, and it does provide an express penalty which is imposed on the borrower alone. If the Legislature had intended to impose any forfeiture or other penalty, I think that it would have so declared in express terms. The provision quoted, supra, is subdivision 4 of section 25, entitled "Restrictions." By subdivision 1 of that section the Legislature absolutely prohibits certain loans and discounts. If the Legislature intended to prohibit or declare void the loans within the purview of subdivision 4, it is but reasonable to infer that it would have made a declaration similar to that made in subdivision 1 of the same section with reference to certain other loans or discounts.

None of the other questions raised require comment.

I advise affirmance of the judgment, with costs. All concur.