[L. A. Nos. 4149, 4150. Department Two.—March 19, 1918.]

BLOCHMAN COMMERCIAL AND SAVINGS BANK (a Corporation), Respondent, v. F. G. INVESTMENT COMPANY (a Corporation), et al., Appellants.

BANKS AND BANKING—LOANS BY COMMERCIAL BANKS IN EXCESS OF STATUTORY LIMIT—VALIDITY.—Sections 1607 and 1667 of the Civil Code have no application to loans made by a commercial bank in excess of the limit fixed and permitted by section 80 of the "Bank Act," as amended in 1911; and the obligation on notes and mortgages made for the payment and security of such loans may be enforced both against the maker and the guarantor on the notes, and against the mortgaged property by foreclosure.

MORTGAGE—FORECLOSURE—JUDGMENT FOR DEFICIENCY AGAINST GUARANTOR.—In an action against the maker and the guarantor of two

notes secured by mortgages, a decree of foreclosure adjudging each of the defendants personally liable for the amounts of the notes, and directing a sale of the mortgaged premises and the application of the proceeds to the payment of the debt, is not erroneous as pronouncing a personal judgment before exhausting the security, since this does not mean that the whole amount under the judgment might be collected against the guarantor without resort to the security.

APPEALS from judgments of the Superior Court of San Diego County.   T. J. Lewis, Judge.

The facts are stated in the opinion of the court.

A. J. Morganstern, and C. A. A. McGee, for Appellants.

Sam Ferry Smith, for Respondent.

MELVIN, J.—The appeals of F. G. Investment Company, a corporation, and of Rex B. Clark are based upon records which are identical, and may therefore be considered in a single opinion.   The action was one to foreclose two mortgages and to enforce the liability of Rex B. Clark as a guarantor on two notes.   The corporation, defendant, appeals from the judgment against it, which resulted in a decree of foreclosure, and defendant Clark takes an appeal from a personal judgment against him.

On October 10, 1912, the F. G. Investment Company made and executed two certain promissory notes, each secured by a mortgage on real property in San Diego County.   One note was payable to Rex B. Clark, who immediately indorsed it to the Blochman Banking Company, and guaranteed the payment thereof, and one direct to the Blochman Banking Company.   This was also guaranteed by Rex B. Clark, so that the F. G. Investment Company was the maker and Rex B. Clark was the guarantor of both notes.   The aggregate amount of the two notes is seventeen thousand five hundred dollars, and the money was paid by the bank to the F. G. Investment Company with the knowledge and consent of the defendant Clark. At that time the Blochman Banking Company was a banking copartnership with a capital of not exceeding fifty thousand dollars and a surplus not to exceed seven thousand dol-

lars. Subsequently the Blochman Commercial and Savings Bank, a corporation, plaintiff in this action, acquired the notes and mortgages in question. This action was brought to foreclose both mortgages and to enforce the defendant Clark's liability.

Section 80 of the Bank Act in force at the time of this transaction (Stats. 1911, p. 1014) provides:

"No commercial bank shall make any loans to any person, company, corporation or firm to an amount exceeding one-tenth part of the capital stock of such bank actually paid in and surplus, excepting that no commercial bank shall be prohibited by this act from loaning to any person, company, corporation or firm any sum not exceeding five thousand dollars without security; *provided, however,* that a bank may loan to any person, company, corporation or firm a sum not exceeding twenty-five per centum of its capital stock actually paid in and surplus upon security worth at least fifteen per centum more than the amount of its loans."

Appellants contend that the loan being in excess of the amount permitted by law, the obligation based thereon is void and may not be enforced. They cite sections 1607 and 1667 of the Civil Code and authorities, of which *Berka* v. *Woodward,* 125 Cal. 119, [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777], *Moore* v. *Moore,* 130 Cal. 110, [80 Am. St. Rep. 78, 62 Pac. 294], and *Howell* v. *City of Hamburg Co.,* 165 Cal. 172, [131 Pac. 130], are types. In the first of these cases it was held that a contract between a city and one of its officers which was expressly prohibited by law was void; in the second, that an agreement based upon the completion of a fraudulent homestead entry would not be enforced; and in the third, that a lease on a building maintained in violation of a municipal ordinance is invalid.

The cited code sections are general expressions of common-law rules, but they have no application to the case at bar. Nor do the authorities to which appellants call our attention support their contention. There is a vital distinction between contracts based upon fraud or made in violation of laws passed for the benefit of one of the contracting parties and those made in violation of statutes designed to aid the sovereign power in the regulation of certain kinds of business. The act which, according to the contention of appellants, was violated by plaintiff's assignor in making the loan

does not declare such a loan a void obligation. A penalty for the violation may be inflicted under certain circumstances by the superintendent of banks, but no part of the penalty in any way inures to the borrower of the excess. It is not denied that the money was loaned and that the notes and mortgages were executed to secure its repayment. In principle this case is quite similar to *Brittan* v. *Oakland Bank of Savings,* 124 Cal. 282, [71 Am. St. Rep. 58, 57 Pac. 84], wherein it was held that the provisions of section 578 of the Civil Code that no director of a savings bank shall borrow its funds, and that for so doing his office shall become vacant, cannot be invoked to defeat a pledge made by such director for money borrowed from the bank. Commenting upon the transaction whereby the director and the bank violated this statute, the court said: ''This, however, is of no advantage to the appellant, as the violation of the provision in question could only be availed of at the instance of the state or sovereign power. (*Jones* v. *Guaranty etc. Co.,* 101 U. S. 628; *National Bank* v. *Matthews,* 98 U. S. 621.) '' (See, also, *People's Trust Co.* v. *Pabst,* 113 App. Div. 375, [98 N. Y. Supp. 1045]; s. c., 190 N. Y. 534, [83 N. E. 1130].)

In *Gold-Mining Co.* v. *National Bank,* 96 U. S. 640, [24 L. Ed. 648], it was held that a defendant sued by a national bank for moneys loaned to him cannot set up as a bar the circumstance that the corporation in violation of statutes exceeded in the amount of the loan one-tenth of its capital stock actually paid in. After citing *Harris* v. *Runnels,* 12 How. 79, [13 L. Ed. 901], which holds that when a statute prohibits an act or annexes a penalty for the commission of such act, it does not follow that the unlawfulness of the act was meant to avoid a contract made in contravention of it, and after a review of some of the leading cases Mr. Justice Hunt, who delivered the opinion of the court, said:

''We do not think that public policy requires or that Congress intended that an excess of loans beyond the proportion specified should enable the borrower to avoid the payment of the money actually received by him. This would be to injure the interests of creditors, stockholders, and all who have an interest in the safety and prosperity of the bank.''

The supreme court of Illinois, commenting upon a similar contention under a like statute, held that the purpose of the enactment was to protect the interests of depositors and

stockholders, and that, in the absence of an express declaration that loans in excess of the statutory limitation shall not be collectible, to hold in accordance with the appellant's contention would be to defeat the very legislative purpose underlying the law. (*Murry Nelson & Co.* v. *Leiter,* 190 Ill. 414, [83 Am. St. Rep. 142, 60 N. E. 851].)

The supreme court of Pennsylvania, dealing with the same sort of question, held that the excess of indebtedness over one-tenth of the paid in capital was a matter aside from the loan, not entering into its terms and therefore collateral. (*O'Hare* v. *Second National Bank of Titusville,* 77 Pa. St. 96.)

This subject was very ably discussed in *Beach & Weld* v. *Wakefield,* 107 Iowa, 567, [76 N. W. 688, 78 N. W. 197]. In the opinion a citation is made to another Iowa case—*Twiss* v. *Guaranty Life Assn.,* 87 Iowa, 733, [43 Am. St. Rep. 418, 55 N. W. 8]—to support the general rule that the doctrine of want of power to contract may not be invoked to aid anyone in the perpetration of wrong and injustice. The opinion is also valuable because of the many authorities collected and cited.

Undoubtedly the overwhelming weight of authority is against the contention which the appellants make in this case.

Appellants also make the contention that the court erred in pronouncing a personal judgment before exhausting the security under the mortgage. Among the conclusions of law was one to the effect that plaintiff was entitled to judgment against both defendants for the amounts of the notes, and that defendants were, and each of them was, personally liable for said sums. But there was also a finding that the plaintiff was entitled to have the mortgages enforced and foreclosed, the premises sold, and the proceeds applied to the payment of the debt. These conclusions were carried substantially into the decree. The proper form of judgment was entered in accordance with the practice in this state. (Code Civ. Proc., sec. 726; *Leviston* v. *Swan,* 33 Cal. 480; *Sichler* v. *Look,* 93 Cal. 600–610, [29 Pac. 220].)

It is true that there is a direction in the decree for the entry of any deficiency which may exist after the sale of the mortgaged premises against the F. G. Investment Company, and separately stated there is a personal judgment for the full amount of the two notes with interest and costs against

defendant Clark. But this does not mean that the whole amount of the two notes, interest, and costs might be collected under the judgment from Clark without resort to the security. As was said in *Sichler* v. *Look, supra:* "In the ordinary action of foreclosure, the judgment need only determine the amount of the debt, the defendant who is personally liable therefor, and direct a sale of the mortgaged lands and an application of their proceeds to satisfy this amount, with such provision for the rights of the defendants between themselves as may be presented in the case."

In each appeal the judgment is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.