CENTRAL TRUST COMPANY, ROCHESTER, N. Y., Plaintiff, *v.* MANN's RESTAURANTS, INC., EBEN H. MANN, UNITED STATES OF AMERICA and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Erie County, February 25, 1938.

*Van Schaick, Woods & Warner* [*Nelson Warner* of counsel], for the plaintiff.

*Sanders, Hamilton, Dobmeier, Connelly & McMahon* [*Harry D. Sanders* and *Fred Dobmeier* of counsel], for the defendants Mann's Restaurants, Inc., and Eben H. Mann.

MALONEY, J. Plaintiff moves for an order of this court striking out the defense set out in paragraph III of the answer of defendants Mann's Restaurants, Inc., and Eben H. Mann herein.

The motion is made under rule 109 of the Rules of Civil Practice on the ground that it appears on the face of said defense that the same is insufficient in law. Plaintiff's complaint seeks a judgment in foreclosure of a mortgage given by defendants Mann's Restaurants, Inc., and Eben H. Mann to plaintiff as continuing and collateral security to a note dated December 18, 1935.

Paragraph III of defendants' answer, to which plaintiff's motion is addressed, reads as follows:

" III. These defendants re-allege the allegations contained in Paragraph II of this answer; and further allege that the said agreement so entered into is contrary to the provisions of Section 101, Paragraph 1, Subdivision (C), of the Alcoholic Beverage Control Law of the State of New York, in that the said Genesee Brewing Company, Inc., is a manufacturer of alcoholic beverages, and the holder of a license issued pursuant to Section 51 of the Alcoholic Beverage Control Law, and in that the said Genesee Brewing Company, Inc., caused to be made a loan to the defendant, Mann's Restaurants, Inc., which then was and has at all times since been engaged in the sale of alcoholic beverages at retail, duly licensed for that purpose, pursuant to Section 64 of the Alcoholic Beverage Control Law."

Section 101, subdivision 1, paragraph (c) of the Alcoholic Beverage Control Law reads:

" (c) Make any gift or render any service of any kind whatsoever, directly or indirectly, to any person licensed under this chapter which in the judgment of the liquor authority may tend to influence such licensee to purchase the product of such manufacturer or wholesaler."

If, through error, the defendants have referred to paragraph (c) instead of paragraph (b) of subdivision 1, paragraph (b) declares it to be " unlawful for a manufacturer or wholesaler " to " make, or cause to be made, any loan to any person engaged in the manufacture or sale of any alcoholic beverage at wholesale or retail." It is important to note that in paragraph (d) of subdivision 1, which prohibits the manufacturer or wholesaler from entering " into any contract with any retail licensee whereby such licensee agrees to confine his sales to alcoholic beverages manufactured or sold by one or more such manufacturers or wholesalers," there is a provision that such a contract shall be void. Had the Legislature intended that an agreement under any of the other subdivisions should be void, it would have so stated. No such provision is to be found as to agreements under any of the other paragraphs. Section 118, subdivision 5, of the same law, in prescribing the penalty for violation of the provisions of section 101, directs that such violation " shall cause a forfeiture of the license of all parties participating or concerned in the violation." Section 130, subdivision 3, provides: " Any violation by any person of any provision of this chapter for which no punishment or penalty is otherwise provided shall be a misdemeanor."

The penalties hereinbefore set out clearly indicate that the only penalty that may be imposed for any act or agreement in violation of paragraphs (b) or (c) of subdivision 1 of section 101 is that " the license of all parties participating or concerned in the violations " should be forfeited. If a prohibitory statute itself points out " the consequences of its violation, and if, on a consideration of the whole statute, it appears that the Legislature intended to define such consequences, and to exclude any other penalty or forfeiture than such as is declared in the statute itself, no other will be enforced." (*Pratt* v. *Short*, 79 N. Y. 437, 445. See, also, *Mahar* v. *Harrington Park Villa Sites*, 204 id. 231; *People's Trust Co.* v. *Pabst*, 113 App. Div. 375; affd., 190 N. Y. 534; *Pratt* v. *Eaton*, 79 id. 449; *Ernst* v. *Terminal Clearing House Association*, 86 Misc. 295; affd., 167 App. Div. 902.)

The question whether or not such a note, mortgage or agreement are unenforcible beween the manufacturer and retailer is not before this court for consideration.

There is no prohibition in the law against the plaintiff, a banking corporation, loaning money to defendants in their individual or corporate capacity. The prohibition and penalty contained in the law in so far as the same is applicable to this case refers to unlawful acts of manufacturers or wholesalers. The penalty for violation of paragraph (d) of subdivision 1 of section 101 of the Alcoholic Bev-

erage Control Law provides that a contract made in violation thereof shall be void. A violation of paragraphs (b) or (c) of subdivision 1 of section 101 of said law is punishable by a forfeiture of the licenses of all parties participating in or concerned in the violation. Obviously a violation of paragraphs (b) or (c) or both is intended to be set up in paragraph III of defendants' answer.

It is clear that the penalty last aforesaid refers to manufacturers, wholesalers, retailers or others licensed under the Alcoholic Beverage Control Law.

The case of *Sturm* v. *Truby* (245 App. Div. 357) and other cases cited in defendants' brief are distinguishable from the case at bar. The contention of defendants that the law includes a contract or loan between a bank and a retail licensee under such circumstances is not tenable unless it be found as a matter of law that the bank was in *pari delicto* with the other parties to the contract. The rule for determining whether or not the parties are in *pari delicto* is well established in *Irwin* v. *Curie* (171 N. Y. 409, at pp. 413, 414), wherein Chief Judge PARKER quoted from *Tracy* v. *Talmage* (14 id. 162): " The rule here suggested for determining whether the parties are in *pari delicto* seems reasonable and just. There are, undoubtedly, other cases in which the parties are not equally guilty; but it is safe to assume that whenever the statute imposes a penalty upon one party and none upon the other, they are not to be regarded as *par delictum*."

Judge PARKER then further stated (p. 414):

" This statement by the learned judge was followed by the consideration of many authorities in England and in this country, every one of which tended to support the test applied by the court for the purpose of determining whether the parties were in *pari delicto*.

" The application of that test to this case establishes the plaintiff's right to recover, for this statute was leveled against attorneys and counselors, to the ranks of which this defendant belonged, and, therefore, it operated directly upon him, but did not in terms prohibit plaintiff from making such a contract; therefore, it must be held upon the authority of *Tracy* v. *Talmage* (*supra*) and the many cases cited there, that this plaintiff is not in *pari delicto* with the defendant, and, hence, the courts may interfere in his behalf."

It was held in *Matter of Birner* v. *Santa Lucia Wineries, Inc.* (155 Misc. 722) that a contract by an unlicensed winery, which was required to be licensed under the Alcoholic Beverage Control Law, to deliver a large quantity of wine to the purchaser in New York State, was enforcible by the winery.

Mr. Justice DORE (at p. 725 of the opinion) states:

" The sole penalty for violation of the provisions of chapters 180 and 819 of the Laws of 1933 is that provided by section 97 of chapter 180 of the Laws of 1933, imposing fines and imprisonment, and to similar effect is section 130 of the present New York Alcoholic Beverage Control Law, being chapter 478 of the Laws of 1934.

" The Legislature has not denounced the contract of sale as unenforcible and void, which it could have done had it intended that effect, and the courts should not usurp the law-making powers by inserting and adding a forfeiture or a penalty not prescribed by the letter of the statute nor shown to be its clear intent."

In my opinion under such rule the plaintiff may not be found as a matter of law to have been in *pari delicto* with the defendants and other parties hereinbefore referred to. The penalties prescribed by the law apply only in the case at bar to those licensed or requiring a license under the Alcoholic Beverage Control Law.

By reason of the above, the plaintiff's motion is granted, without costs.